**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
*kevin@kjclawgroup.com*
W. Blair Castle (SBN 354085)
*blair@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

*Attorneys for Defendant*
*Crain Communications, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v.

CRAIN COMMUNICATIONS, INC.,

Defendant.

Case No. 2:26-cv-03070-RGK-AGR

*Assigned to Hon. R. Gary Klausner*

**DEFENDANT's NOTICE OF AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1), 12(B)(2) & 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Filed Concurrently:

1. Declaration of Kevin J. Cole; and
2. [Proposed] Order

Date: June 29, 2026
Time: 9:00 a.m.
Courtroom: 850, 8th Floor

Complaint Filed: March 18, 2026
Trial Date: Not Set

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 29, 2026, at 9:00 a.m., or on such other date and time convenient to and ordered by the Court, in Courtroom 850 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, CA, 90012, the Honorable R. Gary Klausner presiding, Defendant Crain Communications, Inc. ("Defendant" or "Crain") by and through its attorneys of record, will and hereby does move to dismiss Plaintiff's Complaint in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(2) & (b)(6) because: (a) the Court lacks subject-matter jurisdiction over this action; (b) it lacks personal jurisdiction over Defendant; (c) Plaintiff lacks Article III standing because he does not allege any actual, cognizable injury in fact resulting from the purported conduct at issue; and (d) Plaintiff's single claim for violation of California's Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 631(a)) fails to state a plausible claim on its face. More specifically:

*First*, the Plaintiff fails to properly allege the basis for this Court's subject-matter jurisdiction under 28 U.S.C. §1332(a)(1) because the amount in controversy does not exceed $75,000. Plaintiff makes purely conclusory allegations as to the amount in controversy and does not otherwise plead any facts from which this Court could reasonably conclude that the amount in controversy exceeds $75,000.

*Second*, the Plaintiff fails to properly allege the basis for this Court's personal jurisdiction over Defendant pursuant to California's long-arm statute and traditional notions of fair play and substantial justice established in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946). Plaintiff alleges generically that Defendant operates a website that reaches California users but Plaintiff does not allege where the purportedly violative conduct—the purported transmission of Plaintiff's search "communications" to third parties—occurred. The only connection between the conduct at issue and the state of California is that *Plaintiff* initiated contact with Defendant's website. This is not enough as Plaintiff does not allege that Defendant "expressly aimed" its conduct towards the state of California.

*Third*, Plaintiff lacks Article III standing because he does not allege an identifiable injury in fact. Though Plaintiff alleges that the "content" of his search inquiry on Defendant's website was purportedly transmitted to third parties, he never alleges *what* the contents of that search inquiry were to show that transmission of these contents somehow invaded his privacy or otherwise caused cognizable harm.

*Finally*, Plaintiff's Complaint fails to state a proper claim upon which relief can be granted. Under California's Invasion of Privacy Act (here, Cal. Penal Code § 631(a)), Plaintiff must allege that the "contents" of his communication were transmitted to third parties. Plaintiff fails to satisfy the statutory requirements because he has described that content in only conclusory terms lacking supporting facts. Moreover, to state a viable claim under Section 631(a), a Plaintiff must affirmatively plead lack of consent. Although Plaintiff asserts again, in conclusory terms, that he did not "consent" to the contents of his search inquiry being transmitted to third parties, by virtue of the fact that Plaintiff *knew* the contents of his search were being transmitted and then (allegedly) proceeded to subsequently access Defendant's site and transmit additional information, then he implicitly consented to these further interactions.

This Motion is made following the conference of counsel under L.R. 7-3, which took place on May 22, 2026. *See* Declaration of Kevin J. Cole ("Cole Decl.") ¶¶ 3–4.

DATED: June 1, 2026 **KJC LAW GROUP, A.P.C.**

By: /s/ Kevin J. Cole
Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 8

II. BACKGROUND ..... 9

III. ARGUMENT ..... 9

A. THE COURT LACKS SUBJECT-MATTER JURISDICTION BECAUSE THE COMPLAINT FAILS TO ALLEGE AN AMOUNT IN CONTROVERSY EXCEEDING $75,000. ..... 9

B. THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANT BECAUSE THE COMPLAINT FAILS TO ALLEGE ANY PURPOSEFUL CONDUCT TOWARD CALIFORNIA. ..... 11

C. THE COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE PLAINTIFF FAILS TO ALLEGE AN ACTUAL CONCRETE INJURY SUFFICIENT TO ESTABLISH ARTICLE III STANDING. ..... 13

D. PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) BECAUSE THE COMPLAINT RELIES ON A BLANKET, CONCLUSORY ALLEGATION THAT "CONTENT" WAS TRANSMITTED. ..... 16

IV. CONCLUSION ..... 18

# TABLE OF AUTHORITIES


Page(s)

**Constitutional Provisions**

United States Constitution, Article III ....... 8, 13, 14

**Federal Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ....... 16, 18

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ....... 16, 17

*Bender v. Williamsport Area School Dist.*
475 U.S. 534 (1986) ....... 9

*Briskin v. Shopify, Inc.*
135 F.4th 739 (9th Cir. 2025) ....... 12

*Byars v. Hot Topic, Inc.*
656 F. Supp. 3d 1051 (C.D. Cal. 2023) ....... 10

*Freeman v. 3Commas Techs. OU*
2024 WL 1880147 (N.D. Cal. Mar. 25, 2024) ....... 12

*Hertz Corp. v. Friend*
559 U.S. 77 (2010) ....... 10

*In re USA Today Co., Inc. Internet Tracking Litig.*
2026 WL 932655 (N.D. Cal. Apr. 6, 2026) ....... 14

*In re Zynga Privacy Litig.*
750 F.3d 1098 (9th Cir. 2014) ....... 16, 17, 18

*International Shoe Co. v. Washington*
326 U.S. 310 (1946) ....... 11

*Khamooshi v. Politico LLC*
2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) ....... 14

*Kishnani v. Royal Caribbean Cruises Ltd.*
2025 WL 1745726 (N.D. Cal. 2025) ....... 15

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994) .......... 9

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) .......... 9

*Lujan v. Defs. of Wildlife*
504 U.S. 555 (1992) .......... 13

*Maghoney v. Dotdash Meredith, Inc.*
2026 WL 497402, (S.D. Cal. Feb. 23, 2026) .......... 17

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
647 F.3d 1218 (9th Cir. 2011) .......... 12

*Mikulsky v. Noom, Inc.*
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 12, 15

*Popa v. Microsoft Corp.*
153 F. 4th 784 (9th Cir. 2025) .......... 14

*Price v. Converse, Inc.*
805 F. Supp. 3d 1102 (C.D. Cal. 2025) .......... 14

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004) .......... 11

*Scott v. Breeland*
792 F.2d 925 (9th Cir. 1986) .......... 10

*Spokeo, Inc. v. Robins*
578 U.S. 330 (2016) .......... 13

*TransUnion LLC v. Ramirez*
594 U.S. 413 (2021) .......... 13, 14, 15

*Walden v. Fiore*
571 U.S. 277 (2014) .......... 11, 12

*Yoon v. Lululemon USA, Inc.*
549 F. Supp. 3d 1073 (C.D. Cal. 2021) .......... 17

**State Statutes**

28 U.S.C. § 1332(a)(1) .......... 8

California Penal Code § 631(a)........passim

California Penal Code § 637.2........9

California Penal Code § 637.2(a)(1)........10

**Federal Statutes**

28 U.S.C. § 1332(a)........9, 10

**Federal Rules**

Federal Rules of Civil Procedure, Rule 12(b)(1)........8, 9, 13, 15

Federal Rules of Civil Procedure, Rule 12(b)(2)........8, 11

Federal Rules of Civil Procedure, Rule 12(b)(6)........8, 16

**Local Rules**

United States District Court, Central District of California Local Rules
Rule 8-1........10

**MEMORANDUM OF POINTS & AUTHORITIES**

## I. INTRODUCTION

Plaintiff is a serial vexatious litigant[1] who apparently now spends his days threatening parties and filing frivolous lawsuits in an attempt to extract undeserved windfalls. His claims are routinely dismissed (often, *sua sponte*) for critical substantive and procedural flaws, and Plaintiff himself in many instances has withdrawn his own suits after ostensibly realizing their lack of merit. This case, regurgitating many of the same allegations and claims of Plaintiff's past failed lawsuits, is no different and should be dismissed accordingly.

Plaintiff asserts a single cause of action against Defendant Crain Communications, Inc. ("Defendant" or "Crain"), claiming that while he was using a search feature on Defendant's website, Defendant purportedly transmitted the contents of Plaintiff's search inquiry to third parties, in violation of the California Invasion of Privacy Act ("CIPA") (specifically, Cal. Penal Code § 631(a)). Plaintiff, however, alleges no proper factual basis for the Court's subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), nor does he allege a proper factual basis for this Court's exercise of personal jurisdiction over Defendant because he does not allege any purposeful direction by Defendant of the activity at issue into California. He also does not allege how he has suffered a concrete, recognizable injury in fact required to establish standing under Article III of the Constitution; nor does he allege (except in conclusory terms) critical elements of his single cause of action. Any one of these bases standing alone—but certainly all of them combined—is sufficiently fatal to Plaintiff's Complaint, and it should be dismissed accordingly under Fed. R. Civ. P. 12(b)(1), (2), and (6).

[1] Plaintiff's vexatious behavior in filing numerous frivolous lawsuits is the subject of Defendant's concurrently filed Motion to Declare Plaintiff a Vexatious Litigant pursuant to Local Rule. 83-8.

## II. BACKGROUND

Plaintiff alleges generally that, on an unspecified number of occasions, he visited Defendant's website (http://adage.com) and used the site's search functionality to submit certain unspecified search queries. (Complaint [Dkt. 1], ¶ 10). He alleges that while using that search functionality, Defendant purportedly used (or at least, permitted) third-party tracking and analytics scripts, which allowed the contents of Plaintiff's search queries to be transmitted in real time to certain third-party servers. (Id., ¶¶ 13-14) Plaintiff alleges he did not consent to the purported interception of his communications by third parties. (Id., ¶ 17). Plaintiff contends that by employing the third-party software and transmitting the contents of his search inquiry to third parties, Defendant violated California's Invasion of Privacy Act, specifically, Cal. Penal Code § 631(a). (Complaint ¶¶ 21 – 24) Plaintiff seeks statutory damages pursuant to Cal. Penal Code § 637.2 in the amount of $5,000 for each violation as well as injunctive relief. (*See* Complaint "Prayer for Relief.")

## III. ARGUMENT

### A. THE COURT LACKS SUBJECT-MATTER JURISDICTION BECAUSE THE COMPLAINT FAILS TO ALLEGE AN AMOUNT IN CONTROVERSY EXCEEDING $75,000.

Dismissal is mandatory under Fed. R. Civ. P. 12(b)(1), as the Complaint is facially deficient in establishing federal subject-matter jurisdiction. It is a fundamental principle that federal courts are tribunals of limited jurisdiction, wielding only the authority granted by the Constitution and statutory law. *Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541 (1986); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a defendant may mount a "facial attack" where the jurisdictional allegations, even if taken as true, are insufficient to support the exercise of federal authority. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When invoking diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiff carries the burden of pleading facts to demonstrate complete diversity and that the matter "exceeds the sum or value of $75,000, exclusive of interest and costs." *Scott v. Breeland*, 792 F.2d

925, 927 (9th Cir. 1986); 28 U.S.C. § 1332(a). Absent facts satisfying this jurisdictional floor, the action cannot proceed. *See e.g.,* Civ. L.R. 8-1("[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it).

In this matter, Plaintiff asserts a single claim under CIPA, specifically California Penal Code § 631(a). Remedies for such violations are defined by Section 637.2(a)(1), which authorizes statutory damages of $5,000 for each violation. Given that Section 1332(a) requires the amount to *surpass* $75,000, a plaintiff must plausibly allege no fewer than sixteen individual violations to establish jurisdiction ($5,000 × 15 = $75,000, which fails to exceed the threshold).

Plaintiff's Complaint fails to satisfy this basic requirement. While Plaintiff generally alleges accessing Defendant's website on "numerous occasions" (Complaint ¶ 10), the pleading is entirely silent regarding the total frequency or the specific number of occasions on which these visits purportedly occurred. The pleading standards of *Twombly* and *Iqbal* extend to jurisdictional allegations; a plaintiff may not rely on "conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1062 (C.D. Cal. 2023) (applying amount in controversy pleading standards to CIPA case) (quotation omitted).

Without further detail concerning the regularity of Plaintiff's interaction with Defendant's site,[2] the Court cannot presume multiple violations. Facially, the Complaint

[2] Because Plaintiff does not allege any additional information about the number of times and instances he visited Defendant's site and/or used the chat feature (i.e., by date/time), it is reasonably doubtful that Plaintiff did, in fact, visit Defendant's site beyond the single date he identifies in his Complaint. Likewise, because Plaintiff apparently knew or was able to determine that Defendant's site transmitted the contents of his search inquiry to third parties and supposedly was *harmed* by this conduct, it would be reasonable to conclude that Plaintiff would not purposely subject himself to numerous instances of "harm" beyond the first interaction. Although the Court must assume Plaintiff's well-

suggests only a solitary visit "on or about October 31, 2025" (Complaint ¶ 10), placing the amount in controversy at a mere $5,000. Because Plaintiff has not established that the matter exceeds the statutory minimum, this Court lacks jurisdiction. The Court should therefore on this basis dismiss the Complaint in its entirety under Rule 12(b)(1).

## B. <u>THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANT BECAUSE THE COMPLAINT FAILS TO ALLEGE ANY PURPOSEFUL CONDUCT TOWARD CALIFORNIA.</u>

Dismissal is also required under Rule 12(b)(2) because Plaintiff has failed to meet his burden of establishing personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In the absence of an evidentiary hearing, the plaintiff must provide a "prima facie showing of jurisdictional facts." *Id.*

As California's long-arm statute reaches the full extent of federal due process, the court must determine if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946). For intentional tort claims like those under CIPA, the Ninth Circuit applies the *Calder* effects test to determine if the defendant "purposefully directed" its conduct at California. This requires: (1) an intentional act, (2) expressly aimed at the forum, (3) with knowledge that harm is likely to occur there. *Schwarzenegger*, 374 F.3d at 803.

Plaintiff solely relies on the fact that Defendant operates a globally accessible website that it "knew and intended would be used by California residents, including Plaintiff." (Complaint ¶ 6). However, the mere maintenance of a location-neutral site does not satisfy "express aiming" and the relationship between the defendant and the forum state must arise out of contacts that the defendant *itself* creates with the state. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) (holding that suit-related conduct must establish a connection with the forum state itself, not merely a resident thereof).

---

pleaded facts for the purposes of Defendant's Motion, these shortcomings suggest that Plaintiff will be unable to amend his Complaint to properly establish jurisdiction.

To be sure, the Ninth Circuit's recent *en banc* decision in *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) clarified that a platform "expressly aims" conduct only when it deliberately commercializes California user data *with knowledge* of their specific location. *Id.* The court emphasized that:

> [A]n interactive platform 'expressly aims' its wrongful conduct toward a forum state when its contacts are its 'own choice and not 'random, isolated, or fortuitous,'. . . even if that platform cultivates a 'nationwide audience for commercial gain.'

*Id.* (citations omitted).

Jurisdiction in *Briskin* was based on tracking software that actively identified users' geolocations, showing the defendant *knew* it was harvesting data from Californians. *See also Freeman v. 3Commas Techs. OU*, No. 23-CV-00101-RFL, 2024 WL 1880147, at *3 n1 (N.D. Cal. Mar. 25, 2024) (noting that "express aiming" requires "something more" than the operation of an interactive website offering services for sale and requires "conduct directly targeting the forum." (citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011)).

Here, Plaintiff makes no such allegations of targeted tracking or exploitation. The Complaint merely alleges Defendant operates a site with a search bar and transmitted an inquiry to a third party. It is silent on *where* this occurred and the Complaint fails to allege that Defendant had any knowledge of Plaintiff's location. Plaintiff's generalized allegations that Defendant has knowledge that California users use its site are insufficient. *See Mikulsky v. Noom, Inc.,* 682 F. Supp. 3d 855, 867 (S.D. Cal. 2023) (Plaintiff's allegations that Defendant "knows that many users visit and interact with [Defendant]'s website while they are physically present in California and that Defendant "knew that its practices would directly result in collection of information from California citizens" were insufficient to establish personal jurisdiction because allegations did not show the website's activity was "targeted at California.").

Defendant's contact with California here was thus "random, isolated, and fortuitous," resulting solely from Plaintiff's unilateral activity. As such activity cannot

anchor personal jurisdiction (*Walden*, 571 U.S. at 284), Plaintiff has failed to show purposeful direction. Because no conduct was expressly aimed at California, the Court lacks specific personal jurisdiction, and the Complaint must be dismissed under Rule 12(b)(2).

**C. THE COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(b)(1) BECAUSE PLAINTIFF FAILS TO ALLEGE AN ACTUAL CONCRETE INJURY SUFFICIENT TO ESTABLISH ARTICLE III STANDING.**

Dismissal is also required under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks Article III standing. To establish standing under Article III of the United States Constitution, a plaintiff must demonstrate: (1) an injury in fact that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff bears the burden of establishing these elements at the pleading stage by clearly alleging facts demonstrating each element. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Plaintiff cannot establish standing merely by alleging a bare statutory violation of CIPA, as he has attempted to do here. *See* Complaint ¶ 24 ("Plaintiff was injured by the invasion of his statutory privacy rights each time his search communications were intercepted."). The United States Supreme Court has made clear that "Article III standing requires a concrete injury even in the context of a statutory violation" and that "a bare procedural violation, divorced from any concre[]te harm" does not "satisfy the injury-in-fact requirement of Article III." *Robins,* 578 U.S. at 341. An injury is "concrete" only if it affects the plaintiff in a personal and individual way and carries a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021) (citing *Spokeo* and noting that the Court had rejected the proposition that a plaintiff "automatically" satisfies the "injury-in-

fact" requirement whenever a statute grants a person a statutory right and purports to allow that person to sue to vindicate that right).

In the context of digital privacy and wiretapping claims, Ninth Circuit jurisprudence dictates that the routine, automated transmission of generic web data or commercial website interactions to a third party does not automatically create a concrete injury. To mirror a traditionally recognized common-law harm like intrusion upon seclusion or public disclosure of private facts, the underlying information collected must be deeply personal, sensitive, or invasive.

To satisfy the injury-in-fact requirement of Article III standing, plaintiffs asserting digital privacy violations must show that the challenged technology collected or disclosed "embarrassing, invasive, or otherwise private information." *See Popa v. Microsoft Corp.*, 153 F. 4th 784, 791 (9th Cir. 2025). Accordingly, federal courts in California consistently draw a sharp line between the disclosure of sensitive personal data and routine, generic data. *See id.* While Article III standing may exist when a plaintiff alleges that a tracking tool disclosed sensitive queries regarding healthcare, medical conditions, or deeply private personal matters, it does not exist where a plaintiff merely alleges the tracking of generic, location-neutral website navigation or commercial queries. *See, e.g., Khamooshi v. Politico LLC*, 2025 WL 2822879, at *2 (N.D. Cal. Oct. 2, 2025) (dismissing a wiretapping and CIPA claim for lack of standing where the complaint alleged only the collection of IP addresses, generic browser and device data or other vague "identifying information", failing to establish the disclosure of "embarrassing, invasive, or otherwise private" information); *In re USA Today Co., Inc. Internet Tracking Litig.*, No. 24-CV-05150-MMC, 2026 WL 932655, at *3 (N.D. Cal. Apr. 6, 2026) (dismissing a CIPA class action tracking claim for lack of Article III standing, ruling that the collection and transmission of location data, IP addresses, browser types, and general metadata is not "highly offensive to a reasonable person."); *Price v. Converse, Inc.*, 805 F. Supp. 3d 1102, 1104 (C.D. Cal. 2025) (granting a footwear retailer's motion to dismiss a CIPA tracking claim, holding that under the *TransUnion* framework, the plaintiff lacked standing. This Court ruled that "an injury

in law is not an injury in fact" (citing *TransUnion*), throwing out generic allegations that automated data-sharing deprived the plaintiff of control over his online activities).

Plaintiff's Complaint fails the applicable standard. Plaintiff alleges generally that Defendant's website captured and transmitted the "contents" of his search bar inquiry to third parties; however, the Complaint is entirely silent as to what Plaintiff actually typed into the search bar. Plaintiff provides absolutely no description of the substance, purport, or meaning of the communication. Without any factual allegations regarding the *content* of the transmission, the Court is left to speculate. The Court cannot evaluate whether Plaintiff possessed a legally protectable privacy interest in the communication, nor can it determine if the automated transmission of that specific query would be "highly offensive to a reasonable person" so as to track a traditional common-law privacy tort. If Plaintiff merely typed a generic commercial query—such as searching for standard news information[3]—the transmission of that data to an analytics or advertising vendor does not inflict a concrete, real-world injury under Article III. *See e.g., Kishnani v. Royal Caribbean Cruises Ltd.,* 2025 WL 1745726, at *3 (N.D. Cal. 2025) (disposing of CIPA claim for lack of standing where "Plaintiff alleges only that Defendant invaded his privacy by impermissibly collecting Plaintiff's 'data' and 'information'"); *Mikulsky v. Noom, Inc*., 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (dismissing CIPA claim for lack of standing because plaintiff failed to "identify the specific personal information she disclosed that implicates a protectable privacy interest").

Because Plaintiff relies entirely on a hypothetical, generalized grievance and a "threadbare recital" of a CIPA statutory violation without pleading any concrete, sensitive facts personal to him, he has failed to establish an injury in fact. *See Mikulsky,* 682. F. Supp. 3d at 864. Consequently, this Court lacks subject-matter jurisdiction, and the action must be dismissed under Rule 12(b)(1).

---

[3] Defendant's website, AdAge.com provides journalism about the marketing and media landscape. It is highly doubtful that *any* general website user, let alone a serial litigant like Plaintiff, would input sensitive information in the search function.

**D. PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) BECAUSE THE COMPLAINT RELIES ON A BLANKET, CONCLUSORY ALLEGATION THAT "CONTENT" WAS TRANSMITTED.**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard demands more than a "the-defendant-unlawfully-harmed-me accusation." *Id.* Crucially, a court is not required to accept as true "legal conclusions couched as factual allegations," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff's sole cause of action under CIPA, Cal. Penal Code Section 631(a), fails to satisfy this threshold. To state a claim under Section 631(a), a plaintiff must plausibly allege that a defendant intercepted or read the "contents" of a communication while in transit:

> Any person who … willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state … is punishable …

As noted, under both California and federal wiretap frameworks, the "contents" of a communication are strictly limited to information concerning the "substance, purport, or meaning of that communication." *See, e.g., In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). By contrast, routine record, routing, or administrative data—such as IP addresses, browser settings, language preferences, or generic URL pathways—do not constitute "contents" as a matter of law. *Id.* at 1107.

Here, Plaintiff's Complaint is entirely devoid of the factual allegations required by *Twombly* and *Iqbal*. Plaintiff merely states, in a wholly conclusory fashion, that Defendant

captured and transmitted the "content" of his search interaction to a third party. The Complaint does not provide a single detail regarding what that alleged content was, how it was structured, or what information was actually typed or submitted.

Plaintiff's intentional ambiguity is a transparent attempt to evade the binding constraints of *In re Zynga Privacy Litigation*, In *Zynga*, the Ninth Circuit drew an absolute line between actionable communication "contents" and non-actionable background metadata. 750 F.3d 1098, 1106 (9th Cir. 2014) (noting that the word "contents" means "a person's intended message to another (i.e., the "essential part" of the communication, the "meaning conveyed," and the "thing one intends to convey")).

Federal courts have rejected cookie cutter privacy complaints that substitute the statutory buzzword "content" for actual factual allegations. *See Maghoney v. Dotdash Meredith, Inc*., No. 24-CV-2394-AJB-BJW, 2026 WL 497402, at *5 (S.D. Cal. Feb. 23, 2026) (dismissing tracking claims, including those under CIPA, where the plaintiff failed to distinguish between non-actionable metadata and true, identifiable communicative content). And even when that purported "content" is identified (such as a plaintiff's "keystrokes, mouse clicks, pages viewed, and shipping and billing information), it must still be protectible "content" within the framework of CIPA. *See Yoon v. Lululemon USA, Inc*., 549 F. Supp. 3d 1073, 1083 (C.D. Cal. 2021) ("[B]ecause [plaintiff] has not alleged that [defendant] intercepted "content," [plaintiff]'s Amended Complaint as currently pleaded does not state a claim for violation of CIPA.").

By refusing to identify the nature of the transmitted data in any manner, Plaintiff leaves the Court to speculate about a vital element of the claim. The Court cannot determine whether Defendant intercepted a finalized, meaningful search query—which can constitute content—or whether the software merely tracked an unsubmitted keystroke, a backspace, a mouse click, or standard background browser metadata. An unsubmitted character or passive metadata does not convey a "substance, purport, or meaning," and therefore cannot support a CIPA claim. *See In re Zynga*, 750 F.3d at 1106.

Because Plaintiff relies entirely on a generic, statutory buzzword without providing any underlying factual context to demonstrate that a protected "communication" was intercepted, the allegation is a mere legal conclusion disguised as a fact. Under *Iqbal*, such allegations are not entitled to a presumption of truth. Accordingly, because the Complaint fails to allege a plausible interception of "contents" under Section 631(a), the claim must be dismissed pursuant to Rule 12(b)(6).

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss should be granted in its entirety.

DATED: June 1, 2026 **KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, certifies that this memorandum does not exceed 25 pages, excluding the caption, the table of contents, the table of authorities, the signature block, and any indices and exhibits.

DATED: June 1, 2026 **KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 1, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: */s/ Kevin J. Cole*
Kevin J. Cole, Esq.