**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
 *kevin@kjclawgroup.com*
W. Blair Castle (SBN 354085)
 *blair@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA  90212
Telephone: (310) 861-7797

*Attorneys for Defendant*
*Crain Communications, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>　　　Plaintiff,<br><br>v.<br><br>CRAIN COMMUNICATIONS, INC.,<br><br>　　　Defendant. | Case No. 2:26-cv-03070-RGK-AGR<br><br>*Assigned to Hon. R. Gary Klausner*<br><br>**DEFENDANT's NOTICE OF AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY PURSUANT TO C.D. CAL. LOCAL RULE 83-8.1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br><u>Filed Concurrently:</u><br><br>　　1. Declaration of Kevin J. Cole;<br>　　2. Request for Judicial Notice; and<br>　　3. [Proposed] Order<br><br>Date:　　　June 29, 2026<br>Time:　　　9:00 a.m.<br>Courtroom: 850, 8th Floor<br><br>Complaint Filed:　March 18, 2026<br>Trial Date:　　　Not Set |

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 29, 2026, at 9:00 a.m., or on such other date and time convenient to and ordered by the Court, in Courtroom 850 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, CA, 90012, the Honorable R. Gary Klausner presiding, Defendant Crain Communications, Inc. ("Defendant" or "Crain") by and through its attorneys of record, will and hereby does move to declare Plaintiff a vexatious litigant pursuant to Local Rule 83-8, and to require Plaintiff to post a bond in the amount of $50,000 before he is permitted to file any additional pleadings and/or requiring that Plaintiff seek leave from this Court before making any additional filings.

This Motion is based on Plaintiff's documented history of filing numerous lawsuits in this district and in California state courts on substantially similar grounds as those in this suit which were either dismissed by the courts or voluntarily dismissed by Plaintiff after his claims were challenged. Given Plaintiff's history of filing unsuccessful suits based on similar (if not identical) allegations, he knows that the instant suit lacks merit and is brought for an improper purpose, in violation of Fed. R. Civ. P. 11.

This Motion is made following the conference of counsel under L.R. 7-3, which took place on May 22, 2026. Declaration of Kevin J. Cole ("Cole Decl."), ¶¶ 28–31.

DATED:  June 1, 2026                    **KJC LAW GROUP, A.P.C.**


                                   By:    */s/ Kevin J. Cole*
                                          Kevin J. Cole, Esq.

                                          *Attorneys for Defendant*
                                          *Crain Communications, Inc.*

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................6

II.   LEGAL STANDARD ............................................................................................6

III.  ARGUMENT ........................................................................................................7

    A.    Plaintiff's Litigation History Demonstrates a Systemic Pattern of Abusive and Harassing Filings...........................................................................7

        1.    The "Wholesale Duplication" of Claims. ...........................................11

        2.    Plaintiff's complaints are filed for an improper purpose: to attempt a quick shakedown and then exit when the claims are challenged. .........................................................................................13

        3.    Applicable State Law Standards Confirm That Plaintiff is a Vexatious Litigant. ...........................................................................13

    B.    Security and Pre-Filing Orders are Necessary to Protect Defendant and Preserve Judicial Resources. .................................................................15

        1.    A Security Bond is Required to Correct Asymmetric Litigation Costs.........................................................................................15

        2.    A Pre-Filing Injunction is Vital to Safeguard the Court's Docket. .............................................................................................16

IV.   CONCLUSION....................................................................................................17

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*De Long v. Hennessey*
912 F.2d 1144 (9th Cir. 1990)..............................................................15

*Molski v. Evergreen Dynasty Corp*
500 F.3d 1047 (9th Cir. 2007).......................................................7, 15, 16

*Safir v. United States Lines, Inc.*
792 F.2d 19 (2d Cir.1986).....................................................................7

**State Cases**

*Garcia v. Lacey*
231 Cal. App. 4th 402 (2014) .............................................................13

*In re Marriage of Falcone & Fyke*
203 Cal. App. 4th 964 (2012). ...........................................................14

*In re Marriage of Kouvabina and Veltman*
115 Cal. App. 5th 293 (2025) .............................................................14

*Karnazes v. The Lauriedale Homeowners Assn.*
96 Cal. App. 5th 275 (2023) ..............................................................14

*Stolz v. Bank of America,*
15 Cal. App. 4th 217 (1993) ..............................................................13

*Tokerud v. Capitolbank Sacramento*
38 Cal. App. 4th 775 (1995) .........................................................13, 14

**State Statutes**

California Code of Civil Procedure § 391(b)...........................................13

California Code of Civil Procedure § 391(b)(1)(i)....................................13

California Code of Civil Procedure §§ 391 - 391.8...................................13

California Penal Code § 631(a)............................................................12

**Federal Rules**

Federal Rules of Civil Procedure, Rule 11 ............................................12

4

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**Local Rules**

United States District Court, Central District of California Local Rules
Rule 83-8.2 ........................................................................................6, 15

United States District Court, Central District of California Local Rules
Rule 83-8............................................................................................14

United States District Court, Central District of California Local Rules
Rule 83-8.4 ........................................................................................13

United States District Court, Central District of California Local Rules
Rule 83-8.1 ..........................................................................................6

United States District Court, Central District of California Local Rules
Rule 83-8.3 ....................................................................................14, 16

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

## MEMORANDUM OF POINTS & AUTHORITIES

### I.      INTRODUCTION

Plaintiff is a convicted extortionist[1] who has now turned to threatening parties and filing frivolous lawsuits in an attempt to extract undeserved windfalls. Indeed, in just the past five years, Plaintiff has filed no less than _23 actions_ in state and federal courts, none of which have proceeded to trial (or even came close) and all of which were either dismissed by the Court (including a dismissal by this Court _just several days ago_ in _Vivek Shah v. Talentbridge, Inc._, C.D. Cal. Case No. 2:26-cv-00222-AH-SSC; _see_ RJN, Ex. W) or voluntarily dismissed by Plaintiff after his claims were challenged (but before the court could issue a ruling). Plaintiff's complaints often: (a) fail to establish that the court has subject matter jurisdiction; (b) fail to establish that Plaintiff has Article III standing to assert the claims; and (c) fail to state a claim upon which relief can be granted.

Knowing all this, Plaintiff has nevertheless filed the instant lawsuit, regurgitating the same claims and allegations that have been rejected (or withdrawn) in numerous other suits—including nearly identical allegations which this Court has already _twice_ this year in other matters deemed insufficient. In order to preserve the sanctity of the legal process and discourage Plaintiff from filing further meritless papers, the Court should exercise its authority under Local Rule 83-8 and require Plaintiff to post security and/or seek permission from the Court before filing any additional papers.

### II.     LEGAL STANDARD

Pursuant to C.D. Local Rule 83-8.1, the Court maintains an inherent policy to "discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." Local Rule 83-8.2 explicitly authorizes the Court to enter an order requiring a vexatious litigant to post security, or to enter a pre-filing injunction preventing new filings without prior judicial approval.

---

[1]   _See_ RJN, Ex. L (referencing Plaintiff's conviction for extortion); _see also_ https://www.justice.gov/usao-sdwv/pr/goodwin-announces-california-man-sentenced-7-years-122-million-extortion-plot

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Because a pre-filing injunction is a significant remedy, the Ninth Circuit requires district courts to satisfy a four-factor framework before entering a vexatious litigant order: (1) notice and opportunity to be heard; (2) an adequate record for review; (3) substantive findings of vexatiousness; and (4) a narrowly tailored order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007). To evaluate whether a litigant's history is substantively vexatious, courts look to (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Molski*, 500 F.3d at 1058 (citing *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986)). This framework is easily met here.

## III.   ARGUMENT

### A.    Plaintiff's Litigation History Demonstrates a Systemic Pattern of Abusive and Harassing Filings.

Plaintiff is not a bona fide consumer seeking redress for a genuine privacy injury; he is a professional, high-frequency litigant. A review of public dockets reveals that over the last five years, Plaintiff has maintained at least 23 separate civil actions (and several appeals) across California state and federal courts, including numerous actions filed within the last 24 months. Most of Plaintiff's actions utilize cookie-cutter templates seeking consumer harm-type redress in response to standard, commercial practices. Plaintiff's most recent litigation tactic involves asserting generic claims—like those in the instant lawsuit—targeting the use of standard website optimization software by invoking the wiretapping statute under the California Invasion of Privacy Act ("CIPA").

As compiled in Defendant's concurrent Request for Judicial Notice ("RJN"), the following table itemizes Plaintiff's extensive history of filing, having dismissed, and abandoning numerous lawsuits, including those with nearly identical claims as those here:

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

| No. | Case Name and Number | Court | Result |
|---|---|---|---|
| 1. | *Vivek Shah v. Russco57 LLC*; CV 25-12371 PA (MARx) | C.D. Cal. (Judge Percy Anderson) | On January 9, 2026, this Court, *sua sponte*, dismissed action, with prejudice, after Plaintiff's filing of First Amended Complaint, finding Court lacked subject matter jurisdiction based on failure to properly allege diversity of parties as well as failure to allege amount in controversy in excess of $75,000. |
| 2. | *Vivek Shah v. Secureworks Corp.*; 2:25-cv-12381-ODW (PVCx) | C.D. Cal. (Judge Otis D. Wright II) | Voluntarily dismissed by Plaintiff on March 16, 2026 after Defendant filed motion to dismiss first amended complaint after Court had previously dismissed Plaintiff's original complaint (based on failure to properly allege subject matter jurisdiction due to lack of diversity of parties as well as failure to plead facts that establish amount in controversy exceeded $75,000. |
| 3. | *Vivek Shah v. WPROMOTE LLC*; 24STCV23077 | Los Angeles County Superior Court (Judge Rupert A. Byrdsong) | On November 25, 2025, the Court entered Judgment of Dismissal After Sustaining Motion for Judgment on the Pleadings Without Leave to Amend. |
| 4. | *Vivek Shah v. Amplitude, Inc.*; 2:24-cv-08155-MEMF-JPR | C.D. Cal. (Judge Maame Ewusi-Mensah Frimpong) | The court granted the joint stipulation to stay and administratively close the case pending the final resolution of the case captioned *Atkins v. Amplitude, Inc.*, Case No. 3:24-cv-04913-RFL (N.D. Cal.), including any appeals. |
| 5. | *Vivek Shah v. Card Delivery LLC;* 2:25-cv-08731-JFW-MAA | C.D. Cal. (Judge John F. Walter) | Voluntarily dismissed on November 22, 2025. |
| 6. | *Vivek Shah v. Sportsman's Warehouse Holdings, Inc.;* 24STCV23080 | Los Angeles County Superior Court (Judge Daniel | Request for Dismissal filed on January 28, 2025. |

8

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

| | | | |
|---|---|---|---|
| | | Michael Crowley) | |
| 7. | *Vivek Shah v. Gannett Co., Inc.*; 24STCV23303 | Los Angeles County Superior Court (Judge Peter Hernandez) | Request for Dismissal filed on December 18, 2024. |
| 8. | *Vivek Shah v. Robinhood Credit, Inc.*; 2:25-cv-05902-FMO-AS | C.D. Cal. (Judge Fernando Olguin) | The court granted Defendant's motion to dismiss; Plaintiff then filed an appeal. |
| 9. | *Vivek Shah v. JPMorgan Chase Bank, N.A.*; 2:24-cv-08601-AH-E | C.D. Cal. (Judge Wesley Hsu) | The court partially granted Defendant's Motion to Dismiss on May 8, 2025, dismissing Counts I and III with leave to amend. Plaintiff did not amend so the remaining claim was Count II (the ECOA retaliation claim), which the parties agreed to dismiss with prejudice in a stipulation for dismissal filed on October 3, 2025. |
| 10. | *Vivek Shah v. Mondelez Global LLC*; 2:24-cv-08797-AB-E | C.D. Cal. (Judge Consuelo Bland Marshall) | Joint stipulation to dismiss case filed on July 9, 2025. |
| 11. | *Shah v. Agarwal*; 3:25-CV-1761-L | N.D. Tex. (Judge Sam Lindsay) | The court *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction on August 7, 2025. |
| 12. | *Shah v. Dow Jones & Company, Inc.*; 1:22-cv-01016 | N.D. Ill. (Judge John Kness) | The court granted Defendant's motion to dismiss on July 31, 2025. |
| 13. | *Vivek Shah v. American Express Company*; 2:24-cv-06953-MWF-MAR | C.D. Cal. (Judge Michael Fitzgerald) | The court granted Defendant's motion to compel arbitration on March 25, 2025. |
| 14. | *Vivek Shah v. The Harvard Drug Group LLC*; 2:24-cv-08979-MEMF-SK | C.D. Cal. (Judge Maame Frimpong) | The court granted Defendant's motion to dismiss on April 17, 2025 due to Plaintiff's failure to file an opposition and because federal law preempts the state-law claims based on drug labeling that plaintiff brought. |

9

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

| 15. | *Vivek Shah v. Bumble Trading LLC et al.,* 2:24-cv-08202-SVW-MAR | C.D. Cal. (Judge Stephen Victor Wilson) | Notice of voluntary dismissal filed on November 14, 2024. |
|---|---|---|---|
| 16. | *Vivek Shah v. Blueground US, Inc.*; 2:23-cv-03914-GW-AGR | C.D. Cal. (Judge George Wu) | The Court dismissed the action for lack of subject matter jurisdiction on September 20, 2023; and the dismissal was affirmed on appeal. |
| 17. | *Vivek Shah v. NYP Holdings, Inc.*; No. 23-1127 | 7th Cir. (Frank Easterbrook; David Hamilton; Michael Brennan) | The court affirmed the district court's dismissal of the case for failure to state a claim on August 15, 2024.<br><br>The court dismissed Shah's entire amended complaint because he failed to plausibly allege ownership of the photographs at issue—undermining his copyright, DMCA, Lanham Act, and related state-law claims, all of which were therefore legally insufficient or preempted. |
| 18. | *Shah v. Citibank, N.A.*; 1:22-cv-02437 | N.D. Ill. (Judge John Blakely) | The Court found that Citibank properly communicated the arbitration provisions in its agreements and Mr. Shah failed to properly reject or opt out of those provisions. Valid and binding agreements to arbitrate as to both the credit card account and the checking account thus exist, and the Court, therefore, grants Citibank's motion to compel arbitration on February 16, 2023. |
| 19. | *Shah v. Plaid Inc.;* 1:22-cv-00903 | N.D. Ill. (Judge Andrea Wood) | The Court granted Defendant's Motion to Dismiss for lack of personal jurisdiction on July 17, 2023. |
| 20. | *Shah v. Woodbury University;* 24STCV25365 | L.A. Superior Court (Judge Cherol Nellon) | The Court granted Defendant's Motion to Dismiss on April 3, 2025. |

10

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

| 21. | *Shah v. Carl Zeiss SBE, LLC*; 7:23-cv-03352-KMK-AEK | S.D.N.Y. (Judge Kenneth Karas) | Voluntarily dismissed on December 18, 2023. |
|---|---|---|---|
| 22. | *Shah v. PayPal, Inc. et al.*; 1:22-cv-00795 | N.D. Ill. (Judge Charles Ronald Norgle Sr.) | Stipulation of dismissal filed on April 8, 2022. |
| 23. | *Vivek Shah v. Talentbridge, Inc.*; 2:26-cv-00222-AH-SSC | C.D. Cal. (Judge Anne Hwang) | On May 28, 2026, the Court granted Talentbridge's Motion to Dismiss without leave to amend because Plaintiff failed to adequately allege either diversity jurisdiction or Article III standing, finding that his alleged search terms were generic and did not implicate a legally protectable privacy interest sufficient to constitute a concrete injury. |

The record compiled above exposes distinct hallmarks of vexatious litigation that satisfy the substantive requirements of Local Rule 83-8:

### 1.    The "Wholesale Duplication" of Claims.

In most of his recent CIPA cases, Plaintiff employs a similar Complaint like the one filed in the instant matter, containing vague assertions that defendant(s) purportedly violated CIPA through their operation of a website and by using third-party performance and tracking practices that are standard across the internet. In most of his recent cases, Plaintiff regurgitates non-specific, boilerplate allegations and simply alters the name of the target defendant and their website and the dates and times that he accessed the sites.[2]

In fact, the Complaint in the instant matter, filed on March 18, 2026, is nearly identical to the First Amended Complaint that Plaintiff filed in *Vivek Shah v. Russco57*

---

[2] In other matters, such as was pointed out by the defendant in its Motion for Judgment on the Pleadings in *Vivek Shah v. WPromote LLC*, Case No. 24STCV23077 (Los Angeles County Superior Court), Plaintiff appears to simply copy complaints filed in other matters. *See* RJN, Ex. C (noting that Plaintiff copied the Class Action Complaint from *Garcia v. WPromote*, No. 24-CV-7780-AB-MMA (C.D. Cal.)).

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

*LLC*, Case No. 25-12371 PA (MARx) (C.D. Cal) (See RJN Exhibit A) and which **this Court dismissed two months prior in January 2026** (*id.*) and the First Complaint in *Vivek Shah v. Secureworks Corp.*; 2:25-cv-12381-ODW (PVCx) (RJN Exhibit XX), which this Court dismissed (with leave to amend) and then Plaintiff voluntarily dismissed on March 16, 2026, **just two days prior to filing this action**. (RJN Exhibit B).

In each of these Complaints, Plaintiff alleges generically that:

> Defendant embedded third-party tracking and analytics code on its website that caused Plaintiff[']s search queries—words typed by Plaintiff into Defendant's on-site search bar—to be contemporaneously transmitted to third-party companies [] while the communications were in transit and before any notice or consent was provided.

*See* Dkt. 1; RJN Exhibit A (*Russco57* First Amended Complaint); RJN Exhibit B (*Secureworks* First Amended Complaint).

Critically, in each of these cases, Plaintiff uses generalized, conclusory allegations in which he: (a) fails to properly allege subject matter jurisdiction based on diversity, either through a failure to properly identify the citizenship of the parties and/or the failure to allege the statutory minimum amount in controversy of $75,000 because, like here, he identifies only a *single* instance in which the defendant purportedly violated Penal Code Section 631(a); (b) he fails to identify specifics about the "content" (his search query) that he entered into Defendant's website, thus undermining his ability to establish Article III standing requiring an identifiable concrete "injury-in-fact" that he suffered; and (c) he fails to allege a proper CIPA claim on its face. *See id.*

In both the recent *Russco57* and *Secureworks* cases, the Court specifically identified Plaintiff's jurisdictional failures and provided Plaintiff an opportunity to cure them. Despite filing amended complaints, Plaintiff failed to do so, and this Court dismissed his claims accordingly (such as in *Russco57*) or Plaintiff voluntarily dismissed his claims after they were challenged through a motion to dismiss but before the Court had the opportunity to decide it (such as in *Secureworks*). *See* RJN Exhibit Nos. A & B. Notwithstanding clear notice by this Court of his pleading failures, Plaintiff nevertheless chose to subsequently

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

file a ***nearly identical Complaint*** in this matter, containing the same failures that plagued his prior cases. *See* Dkt. 1.

### 2. Plaintiff's complaints are filed for an improper purpose: to attempt a quick shakedown and then exit when the claims are challenged.

In the above recent cases, as well as most others filed by Plaintiff, it is clear that Plaintiff has filed the claims for an improper purpose (in violation of Fed. R. Civ. P. 11) in an attempt to ostensibly induce a "nuisance-value" settlement but otherwise abandon the matter once Plaintiff's claims are challenged. Indeed, in at least eight of the matters cited above, Plaintiff either voluntarily dismissed claims under his own initiative or entered a joint stipulation with defendants. In certain instances, such as in *Vivek Shah v. Card Delivery LLC;* No. 2:25-cv-08731-JFW-MAA (C.D. Cal.) (a CIPA case where Plaintiff, as here, alleged generically that entries in a search bar were transmitted to third parties), Plaintiff filed a voluntary dismissal before a responsive pleading was even filed. *See* RJN, Ex. E.

In *none* of the above matters did the merits reach a factfinder (nor did they even come close) as most matters were either dismissed or abandoned in the pleadings stage. Plaintiff's repeated failures and voluntary dismissals clearly demonstrate a history of vexatiousness. *Tokerud v. Capitolbank Sacramento,* 38 Cal. App. 4th 775, 779 (1995), *as modified on denial of reh'g* (Oct. 25, 1995) ("A party who repeatedly files baseless actions only to dismiss them when challenged is no less vexatious than the party who follows the actions through to an adverse completion.").

### 3. Applicable State Law Standards Confirm That Plaintiff is a Vexatious Litigant.

Civ. L.R. 83-8.4 states that "[a]lthough nothing in this rule shall be construed to require that such a procedure be following, the Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391 - 391.8. Indeed, these state rules of procedure confirm that Plaintiff is a vexatious litigant and that proper protective measures are necessary.

13

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Cal. Code of Civ. Proc. § 391, subdivision (b), defines several categories of vexatious litigants. Under the first category, a litigant is vexatious if they have filed, while self-represented, **at least five qualifying litigations within the past seven years** that were "finally determined adversely" to them. *See* § 391, subd. (b)(1)(i) [excluding actions in small claims court] (emphasis added). Litigation is defined as any "civil action or proceeding, commenced, maintained or pending in any state or federal court" (*Id.* subd. (a)), including "an appeal." *Garcia v. Lacey*, 231 Cal. App. 4th 402, 406 (2014). An action is "within the "immediately preceding seven-year period"" so long as it was filed or maintained during that period." *Id.*, fn. 4. The seven-year period is measured from the date the motion or OSC is filed. *Ibid.*; *Stolz v. Bank of America,* 15 Cal. App. 4th 217 (1993).

An action is "finally determined adversely" to the litigant under Section 391 if they do not win the action or proceeding they began—including appeals they have voluntarily dismissed and those involuntarily dismissed for procedural defects—and the "avenues for direct review (appeal) have been exhausted or the time for appeal has expired." *Karnazes v. The Lauriedale Homeowners Assn.,* 96 Cal. App. 5th 275, 280 (2023) (citing cases); *In re Marriage of Kouvabina and Veltman*, 115 Cal. App. 5th 293 (2025). This includes voluntary dismissals by the plaintiff (*Tokerud v. Capitolbank Sacramento*, 38 Cal. App. 4th 775, 777 (1995), *as modified on denial of reh'g* (Oct. 25, 1995)); and unsuccessful appeals and writ petitions, which are considered separate litigations that can be finally determined adversely. *In re Marriage of Falcone & Fyke,* 203 Cal. App. 4th 964 (2012).

As demonstrated above, Plaintiff easily satisfies the California definition for a vexatious litigant. He has filed no less than *twenty* qualifying litigations within the past 7 years, all of which have been "finally determined adversely."[3]

---

[3] Even if Plaintiff were to argue that he secured favorable settlements in connection with certain of his voluntary dismissals (though Defendant does not concede this may have occurred), "for purposes of section 391, a dismissal—voluntary or not—constitutes an adverse determination; it is the loss that matters, not whether a litigant is satisfied with the result." *Karnazes v. The Lauriedale Homeowners Assn.,* 96 Cal. App. 5th at 281 (citing *Garcia, supra,* 231 Cal. App. 4th at 406).

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

**B.** **Security and Pre-Filing Orders are Necessary to Protect Defendant and Preserve Judicial Resources.**

To issue an order under Local Rule 83-8, the Court must find that "the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." Civ. L.R. 83-8.3. Both the security bond and a pre-filing injunction are demonstrably necessary here to curtail Plaintiff's pattern of abusive litigation, insulate Defendant from asymmetric financial expenditure, and halt the compounding drain on this Court's limited resources.

**1.** **A Security Bond is Required to Correct Asymmetric Litigation Costs.**

High-frequency digital privacy litigation thrives entirely on financial asymmetry. Serial plaintiffs face negligible barriers to entry; they incur only a nominal filing fee and deploy automated, copy-paste complaints that require zero custom investigation or specialized legal labor. Conversely, a target defendant faces an immediate, non-recoverable expenditure of tens of thousands of dollars just to mount a baseline federal jurisdictional defense. *See* Cole Decl., ¶¶ 32–36 (Defendant's counsel, estimating litigation costs at no less than $50,000).

The security bond authorized by Local Rule 83-8.2 is the exact mechanism designed to rebalance this inequity. As the Ninth Circuit observed, requiring a bond protects defendants from being forced into extortionate, nuisance-value settlements driven solely by the compounding cost of defense. *See Molski*, 500 F.3d at 1057–58. Because Plaintiff has demonstrated a clear habit of rapidly abandoning his actions the moment a defendant presents a robust defense, a substantial security bond—sufficient to cover Defendant's projected legal costs and contemplated sanctions against Plaintiff—is the only mechanism that forces Plaintiff to internalize the actual economic risk of his behavior. Without it, Defendant remains an open target for ongoing financial harassment.

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

### 2.    A Pre-Filing Injunction is Vital to Safeguard the Court's Docket.

The threat Plaintiff poses to judicial administration is equally severe. Federal courts are not private sandboxes for high-volume monetization; they are venues of limited jurisdiction meant to adjudicate genuine, concrete controversies. Every generic, boilerplate CIPA complaint filed by a professional litigant forces a district judge and their staff to consume hours parsing deliberately vague pleadings and managing heavy dockets. Flawed, repetitive lawsuits do not merely harm individual defendants; they crowd out the claims of legitimate litigants who are waiting for their day in court. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

Left unchecked, Plaintiff has every incentive to continue this behavior. The Ninth Circuit has long established that when a litigant's record demonstrates a calculated pattern of using the federal courts as an aggressive leverage tool rather than a forum for justice, a narrowly tailored pre-filing order is entirely appropriate. *See Molski*, 500 F.3d at 1061 (declaring plaintiff vexatious litigant, and requiring him to obtain leave of court before filing further such claims, was sufficiently narrowly tailored; order covered only type of claims plaintiff had been filing vexatiously, namely ADA Title III claims, did not prevent plaintiff from filing any ADA complaints but rather subjected his complaints to initial screening review by district judge, and was restricted to single venue).

Plaintiff has explicitly shown that he will continue to exploit the anonymity of statutory buzzwords like "third-party tracking" and "content" (See Defendant's contemporaneous Motion to Dismiss) to bypass early merits review. Absent a pre-filing order requiring prior judicial approval, there is little probability that Plaintiff will voluntarily halt his tactics.

Accordingly, to prevent the ongoing abuse of the judicial process and to shield Defendant from further bad-faith litigation, this Court should find that protective measures are strictly required under Local Rule 83-8.3, order Plaintiff to furnish an immediate

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

security bond, and enter a pre-filing injunction governing all future CIPA filings by Plaintiff in this District.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, Defendant's Motion should be granted, and the narrowly tailored relief set forth in the accompanying [Proposed] Order should be entered.

DATED:  June 1, 2026                              **KJC LAW GROUP, A.P.C.**

By:    */s/ Kevin J. Cole*                                  
       Kevin J. Cole, Esq.

       *Attorneys for Defendant*
       *Crain Communications, Inc.*

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, certifies that this memorandum does not exceed 25 pages, excluding the caption, the table of contents, the table of authorities, the signature block, and any indices and exhibits.

DATED:  June 1, 2026                **KJC LAW GROUP, A.P.C.**


By:   */s/ Kevin J. Cole*
      Kevin J. Cole, Esq.

      *Attorneys for Defendant*
      *Crain Communications, Inc.*


## CERTIFICATE OF SERVICE

I certify that on June 1, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


By:   */s/ Kevin J. Cole*
      Kevin J. Cole, Esq.

MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT