**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
  *kevin@kjclawgroup.com*
W. Blair Castle (SBN 354085)
  *blair@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA  90212
Telephone: (310) 861-7797

*Attorneys for Defendant*
*Crain Communications, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>            Plaintiff,<br><br>v.<br><br>CRAIN COMMUNICATIONS, INC.,<br><br>            Defendant. | Case No Case No. 2:26-cv-03070-RGK-AGR<br><br>*Assigned to Hon. R. Gary Klausner*<br><br>**DEFENDANT's REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY PURSUANT TO C.D. CAL. LOCAL RULE 83-8.1**<br><br><u>Filed Concurrently:</u><br><br>1. Motion to Declare Plaintiff a Vexatious Litigant;<br>2. Declaration of Kevin J. Cole; and<br>3. [Proposed] Order<br><br>Date:         June 29, 2026<br>Time:         9:00 a.m.<br>Courtroom:  850, 8th Floor<br><br>Complaint Filed:   March 18, 2026<br>Trial Date:        Not Set |

1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Evidence 201 and the Central District of California Local Rules, Defendant Crain Communications, Inc. ("Defendant" or "Crain") hereby respectfully requests that the Court take judicial notice of the following matters of public record in support of Defendant's contemporaneous Motion to Declare Plaintiff a Vexatious Litigant and Require Security.

This Request is based on this Notice, the Memorandum of Points and Authorities set forth below, and the true and correct copies of public court records attached hereto as Exhibits A through W (these exhibits are authenticated in the accompanying Declaration of Kevin J. Cole).

| Exhibit | Case Name and Number | Court | Documents Attached |
|---|---|---|---|
| A. | *Vivek Shah v. Russco57 LLC*; CV 25-12371 PA (MARx) | C.D. Cal. (Judge Percy Anderson) | (Composite) Docket: First Amended Complaint ("FAC") and Order Dismissing FAC |
| B. | *Vivek Shah v. Secureworks Corp.*; 2:25-cv-12381-ODW (PVCx) | C.D. Cal. (Judge Otis D. Wright II) | (Composite) Docket: First Amended Complaint ("FAC"); Order Dismissing FAC; and Voluntary Notice of Dismissal |
| C. | *Vivek Shah v. WPROMOTE LLC*; 24STCV23077 | Los Angeles County Superior Court (Judge Rupert A. Byrdsong) | (Composite) Docket: Defendant's Motion for Judgment on the Pleadings and Judgment of Dismissal |
| D. | *Vivek Shah v. Amplitude, Inc.*; 2:24-cv-08155-MEMF-JPR | C.D. Cal. (Judge Maame Ewusi-Mensah Frimpong) | Case Docket, showing (among other things) an Order of Stay following the Defendant's Motion to Dismiss |
| E. | *Vivek Shah v. Card Delivery LLC*; 2:25-cv-08731-JFW-MAA | C.D. Cal. (Judge John F. Walter) | Case Docket, along with Plaintiff's Voluntary Dismissal |
| F. | *Vivek Shah v. Sportsman's* | Los Angeles County Superior | Case Docket, showing that Plaintiff filed a Request for Dismissal after |

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

| | | | |
|---|---|---|---|
| | *Warehouse Holdings, Inc.*; 24STCV23080 | Court (Judge Daniel Michael Crowley) | the Defendant filed its Demurrer (and before the Demurrer was heard) |
| G. | *Vivek Shah v. Gannett Co., Inc.*; 24STCV23303 | Los Angeles County Superior Court (Judge Peter Hernandez) | Case Docket, showing that Plaintiff filed a Request for Dismissal after the Defendant filed its Demurrer (and before the Demurrer was heard) |
| H. | *Vivek Shah v. Robinhood Credit, Inc.*; 2:25-cv-05902-FMO-AS | C.D. Cal. (Judge Fernando Olguin) | Case Docket, along with the Court's Order of Dismissal |
| I. | *Vivek Shah v. JPMorgan Chase Bank, N.A.*; 2:24-cv-08601-AH-E | C.D. Cal. (Judge Wesley Hsu) | Case Docket, showing the case was ultimately dismissed by stipulation |
| J. | *Vivek Shah v. Mondelez Global LLC*; 2:24-cv-08797-AB-E | C.D. Cal. (Judge Consuelo Bland Marshall) | Case Docket, showing the case was ultimately dismissed by stipulation |
| K. | *Shah v. Agarwal*; 3:25-CV-1761-L | N.D. Tex. (Judge Sam Lindsay) | Case Docket, along with the Court's Order of Dismissal (dismissing case for lack of subject matter jurisdiction) |
| L. | *Shah v. Dow Jones & Company, Inc.*; 1:22-cv-01016 | N.D. Ill. (Judge John Kness) | Case Docket, along with the Court's Order of Dismissal (finding Plaintiff lacked Article III standing) |
| M. | *Vivek Shah v. American Express Company*; 2:24-cv-06953-MWF-MAR | C.D. Cal. (Judge Michael Fitzgerald) | Case Docket, showing the Court granted Defendant's Motion to Compel Arbitration |
| N. | *Vivek Shah v. The Harvard Drug Group LLC*; 2:24-cv-08979-MEMF-SK | C.D. Cal. (Judge Maame Frimpong) | Case Docket, showing the Court granted Defendant's Motion to Dismiss (due to Plaintiff's failure to file an opposition and because federal law preempts the state-law claims based on drug labeling that Plaintiff brought) |
| O. | *Vivek Shah v. Bumble Trading LLC et al.*; 2:24-cv-08202-SVW-MAR | C.D. Cal. (Judge Stephen Victor Wilson) | Case Docket, along with Plaintiff's Voluntary Dismissal |

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

| | | | |
|---|---|---|---|
| P. | *Vivek Shah v. Blueground US, Inc.*; 2:23-cv-03914-GW-AGR | C.D. Cal. (Judge George Wu) | Case Docket, showing the Court dismissed Plaintiff's case for lack of subject matter jurisdiction; and the dismissal was affirmed on appeal |
| Q. | *Vivek Shah v. NYP Holdings, Inc.*; No. 23-1127 | 7th Cir. (Judges Frank Easterbrook, David Hamilton, and Michael Brennan) | Order affirming the district court's dismissal of the case for failure to state a claim |
| R. | *Shah v. Citibank, N.A.*; 1:22-cv-02437 | N.D. Ill. (Judge John Blakely) | Case Docket, showing the Court granted Citibank's Motion to Compel Arbitration |
| S. | *Shah v. Plaid Inc.;* 1:22-cv-00903 | N.D. Ill. (Judge Andrea Wood) | Case Docket, showing the Court granted Defendant's Motion to Dismiss for lack of personal jurisdiction |
| T. | *Shah v. Woodbury University*; 24STCV25365 | L.A. Superior Court (Judge Cherol Nellon) | Case Docket, showing the Court granted Defendant's Motion to Dismiss |
| U. | *Shah v. Carl Zeiss SBE, LLC*; 7:23-cv-03352-KMK-AEK | S.D.N.Y. (Judge Kenneth Karas) | Case Docket, showing Plaintiff's Voluntary Dismissal |
| V. | *Shah v. PayPal, Inc. et al.*; 1:22-cv-00795 | N.D. Ill. (Judge Charles Ronald Norgle Sr.) | Case Docket, showing the case was ultimately dismissed by stipulation |
| W. | *Vivek Shah v. Talentbridge, Inc.*; 2:26-cv-00222-AH-SSC | C.D. Cal. (Judge Anne Hwang) | Order granting Talentbridge's Motion to Dismiss without leave to amend because Plaintiff failed to adequately allege either diversity jurisdiction or Article III standing, finding that his alleged search terms were generic and did not implicate a legally protectable privacy interest sufficient to constitute a concrete injury |

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 201(b) governs the court's authority to take judicial notice of an adjudicative fact. A court may judicially notice a fact that is "not subject to reasonable

4

dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under Federal Rule of Evidence 201(c)(2), a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

It is well-established in the Ninth Circuit that federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also U.S. Bank, N.A. v. Miller*, No. 12-cv-05632 MMM (MANx), 2013 WL 12114100, at *4 (C.D. Cal. Sept. 30, 2013) ("Court orders and filings are the type of documents that are properly noticed under [Fed. R. Evid. 201]."); *McVey v. McVey,* 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014) ("Because court filings are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,' pleadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201.") (collecting cases, including those taking notice of dockets).

When a court takes judicial notice of filings and dockets from other matters, the notice is explicitly directed to the *existence* and *legal effect* of those judicial documents, rather than the truth of any disputed factual assertions contained within them. *See Dixon v. Univ. of S. California*, 2023 WL 411449, at *4 (C.D. Cal. Jan. 18, 2023), *aff'd*, 2024 WL 866028 (9th Cir. Feb. 29, 2024).

Here, the dockets, complaints, and judicial orders attached as Exhibits A through W are indisputable matters of public record maintained by official court clerks. Their authenticity and existence cannot reasonably be questioned. Furthermore, these public records are directly relevant to the pending action because they conclusively document Plaintiff's extensive history of filing abandoned or dismissed lawsuits in federal and state courts, including numerous matters asserting claims under California's Invasion of Privacy Act ("CIPA"). This record provides the objective factual background necessary for this

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Court to evaluate whether Plaintiff is a vexatious litigant under Central District Local Civil Rule 83-8.

Accordingly, because the attached exhibits satisfy all criteria under Rule 201, Defendant respectfully requests that the Court take judicial notice of Exhibits A through W in their entirety.

DATED:  June 1, 2026                    **KJC LAW GROUP, A.P.C.**

By:    */s/ Kevin J. Cole*
      Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*

6

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE