Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
Telephone: (224) 246-2874
Email: newvivekshah@gmail.com
Plaintiff in Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>  Plaintiff,<br><br>v.<br><br>CRAIN COMMUNICATIONS, INC.,<br><br>  Defendant. | Case No. 2:26-cv-03070-RGK-AGR<br><br>Assigned to Hon. R. Gary Klausner<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY**<br><br>Hearing: June 29, 2026, 9:00 a.m.<br>Courtroom: 850, 8th Floor |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY; MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant cannot obtain the extraordinary relief it seeks—a vexatious-litigant declaration, a $50,000 bond, and a pre-filing injunction—because its motion fails the governing federal standard at every step. A pre-filing order restricting access to the courts is "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Id.* Before one may issue, the court must satisfy four requirements: the litigant must receive notice and an opportunity to be heard; the court must compile "an adequate record for review"; the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and the order must be "narrowly tailored to closely fit the specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). The third requirement is substantive: the claims "must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

Defendant makes none of those findings; it asks the Court to make them on a foundation that does not hold. First, it applies the wrong law—California's statutory counting test—when federal substantive law governs the vexatiousness inquiry in

this Court. Second, its case count is false: it represents that all of my prior actions were "finally determined adversely" (Mot. [Dkt. 12 at 14]) when one ended in a confirmed judgment in my favor and at least five are presently on appeal and thus not final. Third, it offers no evidence of frivolousness or improper purpose—only the volume of my filings, the similarity of complaints brought under a single statute, and a decade-old criminal matter that it mischaracterizes and that is legally irrelevant here. Volume, similarity, and character are not the test. The Motion should be denied.

## II.    LEGAL STANDARD

District courts derive the power to enter pre-filing orders from the All Writs Act, 28 U.S.C. § 1651(a). The court must (1) give the litigant notice and an opportunity to be heard; (2) compile "an adequate record for review"; (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions"; and (4) narrowly tailor any order "to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147–48. The Ninth Circuit reaffirmed these requirements in *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014), and held that, before resorting to a pre-filing order, a court must also consider whether less restrictive alternatives would adequately protect the courts and other parties, *id.* at 1062, 1066. The third requirement is substantive: the claims "must not only be numerous, but also be patently without merit." *Moy*, 906 F.2d at 470.

Federal law—not California's vexatious-litigant statute—supplies that standard. Federal courts apply federal law, not state law, to determine whether a litigant is vexatious. *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 863 (C.D. Cal. 2004). Local Rule 83-8.4 permits the Court to refer to California Code of Civil Procedure §§ 391–391.8 as a discretionary guide; it does not displace the Ninth Circuit's substantive test or compel the Court to apply the State's mechanical counting rule. Even where security is sought under the rule, federal substantive law governs whether a litigant is vexatious, and the inquiry turns on whether the prior suits were frivolous or harassing rather than on the number adversely decided.

## III.    ARGUMENT

### A.    Defendant applies the wrong law: federal standards, not California's counting test, govern.

Defendant's motion is built on California Code of Civil Procedure § 391(b)(1), under which a plaintiff who has maintained at least five litigations "finally determined adversely" may be deemed vexatious. But this is a federal court, and federal—not state—law defines who is a vexatious litigant. The State's arithmetic—count the adverse cases, reach five, and declare the litigant vexatious—is not the federal rule of decision. Under the controlling federal standard, a numerical tally is never enough; the Court must find the claims "patently without merit." *Moy*, 906 F.2d at 470. Defendant never makes that showing. Local Rule 83-8.4 lets the Court

consult the California statute; it does not convert the State's counting test into the federal rule of decision or compel the extraordinary remedy Defendant seeks.

**B.      Defendant's premise is factually false: my prior actions were not all "finally determined adversely."**

Defendant represents that I have filed "no fewer than twenty qualifying litigations… all of which have been 'finally determined adversely.'" (Mot. [Dkt. 12 at 14].) That representation is untrue, and its falsity is established by Defendant's own authority and by the records attached to my declaration.

I won the Citibank matter. Defendant characterizes *Shah v. Citibank, N.A.*, No. 1:22-cv-02437 (N.D. Ill.), as an adverse order granting a motion to compel arbitration. In fact, I prevailed at the arbitration; the arbitrator awarded me damages on my ECOA and breach-of-contract claims, including punitive damages under 15 U.S.C. § 1691e(b); and the court confirmed the award and entered final judgment in my favor on February 15, 2024. (Shah Decl. ¶ 4 & Ex. B.) A confirmed judgment in my favor is the opposite of an adverse determination.

At least five cited cases are pending on appeal and are therefore not final. *Shah v. Russco57* (9th Cir. No. 26-249), *Shah v. Robinhood Credit* (9th Cir. No. 25-6713), *Shah v. WPROMOTE* (Cal. Ct. App. No. B350071), *Shah v. TalentBridge* (9th Cir. No. 26-3514), and *Shah v. JPMorgan Chase* (9th Cir. No. 25-6333) are each on appeal. (Shah Decl. ¶ 5 & Ex. B.) That defeats Defendant's count under Defendant's

own authority: a matter is "finally determined" only when "the avenues for direct review (appeal) have been exhausted or the time for appeal has expired." *Karnazes v. Lauriedale Homeowners Assn.*, 96 Cal. App. 5th 275, 280 (2023) (cited at Mot. [Dkt. 12 at 14]). A case on appeal has not exhausted direct review and does not count.

Other cited cases are not adverse determinations at all. *Shah v. Amplitude, Inc.*, No. 2:24-cv-08155, was stayed and administratively closed pending the related class action *Atkins v. Amplitude, Inc.* (N.D. Cal.); it has not been determined at all, as Defendant's own Exhibit D reflects. And *Shah v. American Express*, No. 2:24-cv-06953, and the Citibank matter were ordered to arbitration; an order compelling arbitration sends the claims to another forum—the forum in which I prevailed against Citibank—and is not a merits determination against me. (Shah Decl. ¶ 6.) Once the win, the pending appeals, the stay, and the arbitration referrals are removed, Defendant's count falls well short of any threshold.

### C.    Volume and textual similarity do not make a litigant vexatious.

Stripped of the false count, Defendant's argument reduces to two facts: I have filed many cases, and my CIPA complaints resemble one another. Neither suffices, alone or together. Litigiousness alone does not justify a vexatious-litigant designation; the court must make a substantive finding of frivolousness or harassment and must weigh both the number and the content of the filings.

---

Defendant offers volume and similarity and calls it a pattern; the governing standard requires more.

The similarity Defendant decries is, moreover, a function of the statute, not evidence of bad faith. California Penal Code § 631(a) targets a single act—the interception of the contents of a communication in transit—so every complaint stating that claim must allege the same elements in similar terms. That two § 631(a) complaints read alike no more shows abuse than that two negligence complaints both allege duty, breach, causation, and damages. Nor are the complaints interchangeable: each concerns a different defendant operating a different website with different third-party software, and my claim against Crain rests on Crain's own conduct. Defendant has not shown that the third-party software on its site, the search queries at issue, or the dates of access are identical to those in any other case.

### D.    My filings are not "patently without merit": § 631(a) tracking claims are cognizable and actively litigated.

The dispositive federal requirement—a substantive finding that the claims are "patently without merit," *Moy*, 906 F.2d at 470—cannot be met here. CIPA § 631(a) claims premised on third-party website tracking present a genuinely contested, actively litigated question on which courts have divided. The Ninth Circuit has held that CIPA requires a party's *prior* consent to an interception, confirming the viability of consent-based § 631 theories. *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022

WL 1744107, at 1 (9th Cir. May 31, 2022). That other courts have dismissed similar claims does not make mine frivolous; it confirms that the question is contested. Declaring me vexatious—and barring my future filings—before the Court has evaluated the sufficiency of the complaint would be premature.

**E.    Defendant offers no evidence of an improper purpose, and cannot bootstrap an unproven Rule 11 theory into this motion.**

Defendant's charge that I file "boilerplate" complaints to extract "nuisance-value settlements" and then abandon them is argument, not evidence. (Mot. [Dkt. 12 at 15].) Defendant produces no demand letter, no settlement communication, and no settlement agreement—nothing showing that I have ever obtained a nuisance payment from anyone. The party seeking this extraordinary relief bears the burden of establishing improper purpose; Defendant offers only its counsel's characterizations. Voluntary dismissal is a right under Federal Rule of Civil Procedure 41, and a plaintiff's decision to dismiss—which may reflect a reasonable reassessment of a claim—cannot be presumed to be a shakedown absent affirmative proof of bad faith.

Defendant's improper-purpose theory is, in substance, a Rule 11 argument; it expressly contends that my filings violate Rule 11(b). But Rule 11 has its own mandatory procedure—a separate motion and a 21-day safe harbor. Fed. R. Civ. P. 11(c)(2). A litigant cannot import an unadjudicated Rule 11 violation into the

vexatious-litigant analysis to avoid the safe harbor the Rule requires. If Defendant believes a filing violates Rule 11, the Rule prescribes the path; relabeling the accusation "vexatiousness" does not relieve Defendant of its burden of proof.

### F. My criminal history is irrelevant to the vexatious-litigant analysis—and Defendant mischaracterizes it.

Defendant opens its motion by calling me "a convicted extortionist." (Mot. [Dkt. 12 at 6].) That has no place in this analysis. The governing factors—whether under the Ninth Circuit's framework or the California statute the Court may consult—concern a litigant's conduct within the judicial system: the history, frivolousness, and purpose of the filings. None includes a litigant's criminal record or character. A prior conviction, without more, does not make any complaint frivolous or harassing; injecting it serves only to prejudice the Court. The right of access to the courts does not turn on a litigant's past.

The label is also false. I have never been convicted of—or charged with—extortion. The two attempted-extortion counts under the Hobbs Act, 18 U.S.C. § 1951, were dismissed; my only convictions are under 18 U.S.C. §§ 875(b) and 876(b), for transmitting and mailing threatening communications with intent to extort, which are not the offense of extortion. (Shah Decl. ¶ 3.) Defendant relied not on the judgment of conviction but on a press release and a stray phrase in an unrelated civil order. That a decade-old, fully served matter was both

mischaracterized and placed in the motion's first line confirms that the filing aims to prejudice rather than to satisfy the governing standard.

**G.     Less restrictive measures are adequate, so a pre-filing injunction—the remedy of last resort—is unwarranted.**

Even had Defendant made the required substantive showing (it has not), a pre-filing order is a remedy of last resort that may issue only after the court considers whether less restrictive alternatives would adequately protect the courts and other parties. The ordinary machinery of the courts has handled my filings: cases that lacked merit were screened out on motions to dismiss—the function that stage is designed to serve. Where existing tools work, the extreme remedy is not warranted. Defendant identifies no case on this Court's docket that my filings delayed and no litigant they displaced. The Rule 11 procedure, the ordinary rules on costs, and the Court's case-by-case screening remain available and must be considered before any pre-filing bar.

Any pre-filing order would also fail the narrow-tailoring requirement. Such an order must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. Defendant asks the Court to bar *all* future CIPA filings absent prior leave. A bar that reaches claims not yet brought—including meritorious ones—is not narrowly tailored; it is a prior restraint on the right to petition. A blanket ban on an entire, actively litigated cause of action is the opposite of narrow.

**H.**     **The $50,000 security demand is unsupported and would unconstitutionally bar court access.**

Defendant's bond request fails for the same threshold reasons and several of its own. Security under the California statute requires both that the plaintiff have five prior litigations finally determined adversely and a finding, after a hearing, of "no reasonable probability" that the plaintiff will prevail. Cal. Civ. Proc. Code § 391.1. Neither prong is met: the count is false (Part III.B), and the Court cannot find "no reasonable probability" of success on an untested complaint stating a contested, cognizable § 631(a) claim (Part III.D).

The amount is also unsupported. The $50,000 figure rests entirely on defense counsel's own estimate of his anticipated fees. (Cole Decl. ¶¶ 32–36.) That is a self-serving projection I have had no opportunity to test, not a particularized showing of necessary, recoverable costs in this action. Security may not be used to deny access to the courts, and a court should not read the statute so broadly as to require every litigant who brings a non-frivolous suit to post a bond. The asymmetry Defendant invokes also cuts the other way: Crain is a well-resourced media corporation, not the vulnerable target the security mechanism protects. A $50,000 bond would end this case before its merits are heard.

---

## IV.   CONCLUSION

Defendant asks for one of the most serious remedies a court can impose against a litigant, on a record that supplies none of what the law requires: no correct legal standard, no accurate case count, no substantive finding of frivolousness, no evidence of improper purpose, no consideration of less restrictive measures, and no support for the bond it demands. For the foregoing reasons, I respectfully request that the Court deny Defendant's Motion in its entirety.

Dated: June 2, 2026                         Respectfully submitted,

                                            /s/ Vivek Shah
                                            Vivek Shah
                                            Plaintiff in Pro Se

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, Plaintiff Vivek Shah, certifies that this brief contains 2,566 words, which complies with the word limit of L.R. 11-6.1.

                                            /s/ Vivek Shah
                                            Vivek Shah
                                            Plaintiff in Pro Se