Vivek Shah
1301 N. Broadway, Ste. 32167
Los Angeles, CA 90012
Telephone: (224) 246-2874
Email: newvivekshah@gmail.com
Plaintiff in Pro Se

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| VIVEK SHAH, | Case No. 2:26-cv-03070-RGK-AGR |
| Plaintiff, | |
| v. | Assigned to Hon. R. Gary Klausner |
| CRAIN COMMUNICATIONS, INC., | **DECLARATION OF VIVEK SHAH** |
| Defendant. | Hearing: June 29, 2026, 9:00 a.m. Courtroom: 850, 8th Floor |

## DECLARATION OF VIVEK SHAH IN OPPOSITION TO DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY

I, Vivek Shah, declare:

1. I am the plaintiff in this action and appear *pro se*. I have personal knowledge of the facts stated here and could testify competently to them. I make this declaration in support of my Opposition to Defendant's Motion to Declare Plaintiff a Vexatious Litigant and Require Security.

2.  I am not the Vivek Shah who was the petitioner in *Shah v. Agarwal*, No. 3:25-cv-1761-L (N.D. Tex.), which Defendant attaches as its Exhibit K (Dkt. 12-14). That petitioner was represented by Scott David Ellis and Rey Rodriguez, IV of Foley & Lardner LLP, as that exhibit reflects. I have never been represented by Foley & Lardner or by those attorneys. That action concerned Nitya Capital, a real-estate company co-owned by the petitioner and respondent Swapnil Agarwal. I do not co-own Nitya Capital, and I have never been a party to that action.

3.  I have never been convicted of extortion, and I was never charged with extortion. The two counts of attempted extortion under 18 U.S.C. § 1951 brought against me were dismissed. I stand convicted only of transmitting and mailing threatening communications with intent to extort, under 18 U.S.C. §§ 875(b) and 876(b). The judgment of conviction reflects those statutes, not 18 U.S.C. § 1951 and not the offense of extortion.

4.  In *Shah v. Citibank, N.A.*, No. 1:22-cv-02437 (N.D. Ill.), I prevailed at arbitration. The arbitrator awarded me damages on my ECOA and breach-of-contract claims, including punitive damages under 15 U.S.C. § 1691e(b). The court confirmed the award and entered final judgment in my favor on February 15, 2024. A true and correct copy of the Final Arbitration Award and the order confirming it is attached as Exhibit B.

5.      The following matters Defendant cites as "finally determined adversely" are presently on appeal: *Shah v. Russco57* (9th Cir. No. 26-249); *Shah v. Robinhood Credit* (9th Cir. No. 25-6713); *Shah v. WPROMOTE* (Cal. Ct. App. No. B350071); *Shah v. TalentBridge* (9th Cir. No. 26-3514); and *Shah v. JPMorgan Chase Bank, N.A.*, No. 2:24-cv-08601, in which the district court denied dismissal of my ECOA retaliation claim before the case was dismissed, and from which an appeal is pending (9th Cir. No. 25-6333).

6.      *Shah v. Amplitude, Inc.*, No. 2:24-cv-08155, was stayed and administratively closed pending the related action *Atkins v. Amplitude, Inc.* (N.D. Cal.); it was not dismissed or abandoned, as Defendant's own Exhibit D reflects. *Shah v. American Express Co.*, No. 2:24-cv-06953 (Defendant's Exhibit M), was compelled to arbitration; it was not determined against me.

7.      On May 19, 2026, Defendant's counsel Kevin J. Cole asked me for a meet-and-confer regarding a motion to dismiss. On May 22, 2026, Mr. Cole and I held a telephonic conference. Mr. Cole said he was also considering seeking to have me declared a vexatious litigant. When I asked on what grounds, he said it was because I had filed five or more cases that were dismissed. I told him that is not the standard. He referred to "the CCP"; I told him the California Code of Civil Procedure governs in state court, not federal court; he said there was "a way to apply it"; I said there was not. That ended the subject. At no

point did Mr. Cole mention Central District Local Rule 83-8. We did not discuss my "filing and abandoning substantially similar lawsuits." We did not discuss my furnishing security. Paragraph 29 of his declaration, which states otherwise, is not accurate. True and correct copies of my email correspondence with Mr. Cole concerning this matter are attached as Exhibit A.

8. Attached hereto as Exhibit B are true and correct copies of the following documents:

   a. A Docketing Notice and Time Schedule Order issued by the United States Court of Appeals for the Ninth Circuit in *Shah v. Russco57, LLC*, Case No. 26-249 (originating from C.D. Cal. No. 2:25-cv-12371-PA-MAR), dated January 13, 2026, reflecting assignment of the appellate docket number and setting February 23, 2026 as the deadline for Appellant's Opening Brief.

   b. The docket (Register of Actions) for *Shah v. Wpromote, LLC*, Case No. B350071, in the California Court of Appeal, Second Appellate District, Division 7, as retrieved from the California Appellate Courts Case Information System on June 1, 2026, reflecting proceedings from October 30, 2025 through January 26, 2026, including the filing of Appellant's Opening Brief, Respondent's brief, and Appellant's Reply

DECLARATION OF VIVEK SHAH
Page 4

Brief, and confirmation that the case was fully briefed as of January 26, 2026.

c. A Docketing Notice and Time Schedule Order issued by the United States Court of Appeals for the Ninth Circuit in *Shah v. Robinhood Credit, Inc.*, Case No. 25-6713 (originating from C.D. Cal. No. 2:25-cv-05902-FMO-AS), dated October 23, 2025, setting December 2, 2025 as the deadline for Appellant's Opening Brief and January 1, 2026 as the deadline for Respondent's Answering Brief.

d. A Final Arbitration Award issued by Arbitrator Kathleen Smalley on January 6, 2024, in *Vivek Shah v. Citibank, N.A.*, AAA Case No. 01-23-0001-6380, awarding Claimant $1,500.00 on his ECOA claim and $1,500.00 on his breach-of-contract claim, plus prejudgment and post-judgment interest, with AAA administrative fees and arbitrator compensation assessed to Respondent.

e. A Minute Entry Order entered February 15, 2024, by the Honorable John Robert Blakey, United States District Judge for the Northern District of Illinois, in *Vivek Shah v. Citibank, N.A.*, Case No. 1:22-cv-02437, granting Plaintiff's motion to confirm the January 6, 2024 arbitration award and closing the case.

9.    Attached hereto as Exhibit C are true and correct copies of the following

documents:

a.  A Minute Entry Order entered July 16, 2021, by the Honorable Gary

Feinerman, United States District Judge for the Northern District of

Illinois, in *Vivek Shah v. JPMorgan Chase Bank, N.A.*, Case No. 1:20-

cv-03355, granting in part and denying in part Defendant's motion to

dismiss and granting Plaintiff leave to file a second amended complaint.

b.  A Civil Minutes–General Order Granting in Part and Denying in Part

Defendant's Motion to Dismiss, issued March 4, 2025, by the

Honorable Anne Hwang, United States District Judge for the Central

District of California, in *Vivek Shah v. JPMorgan Chase Bank, N.A.*,

Case No. 2:24-cv-08601-AH(Ex), dismissing Plaintiff's ECOA claim

and UCL unlawful-prong claim without prejudice and denying

dismissal as to Plaintiff's UCL unfair-prong claim and prayer for relief.

c.  A Civil Minutes–General Order Granting in Part and Denying in Part

Defendant's Motion to Dismiss the First Amended Complaint, issued

May 8, 2025, by the Honorable Anne Hwang, United States District

Judge for the Central District of California, in *Vivek Shah v. JPMorgan

Chase Bank, N.A.*, Case No. 2:24-cv-08601-AH(Ex), dismissing

---

DECLARATION OF VIVEK SHAH
Page 6

Plaintiff's ECOA notice claim and UCL claims with leave to amend, and denying dismissal as to Plaintiff's ECOA retaliation claim.

d. An Order Granting in Part Defendant's Motion to Dismiss, issued April 7, 2025, by the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge for the Central District of California, in *Vivek Shah v. Capital One, N.A.*, Case No. 2:24-cv-07528-MEMF-SK, sustaining Plaintiff's ECOA claim, granting leave to amend as to UCL, punitive damages, and injunctive relief claims, and denying dismissal as to actual damages and declaratory judgment.

e. An Order Granting in Part Defendant's Motion to Strike and Granting in Part Defendant's Motion to Dismiss, issued May 7, 2026, by the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge for the Central District of California, in *Vivek Shah v. Capital One, N.A.*, Case No. 2:24-cv-07528-MEMF-SK, striking newly added claims (Counts Three, Four, Five, Nine, and Ten) as untimely and dismissing in part the conversion claim (Count Eight) with leave to amend, while denying dismissal as to all remaining claims, including the ECOA, retaliation, breach-of-contract, implied-covenant, UCL, and declaratory-judgment claims.

f.  A Civil Minutes–General Order Denying Defendant's Motion to Dismiss, issued February 12, 2025, by the Honorable Mark C. Scarsi, United States District Judge for the Central District of California, in *Vivek Shah v. Citibank, N.A.*, Case No. 2:24-cv-07252-MCS-AS, sustaining Plaintiff's ECOA notice claim and UCL claim in their entirety and directing Defendant to answer within 14 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 2, 2026 at Los Angeles, California.

/s/ Vivek Shah
Vivek Shah