**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
 *kevin@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA  90212
Telephone: (310) 861-7797

*Attorneys for Defendant*
*Crain Communications, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VIVEK SHAH,<br><br>        Plaintiff,<br><br>v.<br><br>CRAIN COMMUNICATIONS, INC.,<br><br>        Defendant. | Case No. 2:26-cv-03070-RGK-CTS<br><br>*Assigned to Hon. R. Gary Klausner*<br><br>**DEFENDANT's REPLY IN SUPPORT OF ITS MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND REQUIRE SECURITY PURSUANT TO C.D. CAL. LOCAL RULE 83-8**<br><br><u>Filed Concurrently:</u><br><br>1. Supplemental Declaration of Kevin J. Cole; and<br>2. Supplemental Request for Judicial Notice<br><br>Date:          June 29, 2026<br>Time:          9:00 a.m.<br>Courtroom:  850, 8th Floor<br><br>Complaint Filed:   March 18, 2026<br>Trial Date:          Not Set |

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

# **TABLE OF CONTENTS**

                                                                                **Page**

I.      DEFENDANT DID NOT "APPLY THE WRONG STANDARD." ..........................2

II.     THE FACT THAT PLAINTIFF HAS APPEALED CERTAIN MATTERS—
        OR THAT THEY'VE BEEN COMPELLED TO ARBITRATION—DOES
        NOT CHANGE THE CONCLUSION THAT HIS CASES HAVE BEEN
        ADVERSELY DECIDED AGAINST HIM. ...........................................................3

III.    PLAINTIFF's LITIGATION STRATEGY IS PROCEDURALLY
        VEXATIOUS. ......................................................................................................8

IV.     PLAINTIFF's CLAIMS ARE SUBSTANTIVELY VEXATIOUS; THE
        FACT THAT CLAIMS MAY HAVE *POTENTIAL* MERIT DOES NOT
        ALTER THIS ANALYSIS......................................................................................9

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

# TABLE OF AUTHORITIES

**Page(s)**

**8**

*Molski v. Evergreen Dynasty Corp.* (9th Cir. 2007) 500 F.3d 1047 ........................2, 3, 9, 10

**9**

*Fink v. Shemtov*
(2010) 180 Cal. App. 4th 1160 ......................................................................................7

*In re Marriage of Falcone & Fyke*
(2012) 203 Cal. App. 4th 964 ........................................................................................7

*In re Natural Gas Antitrust Cases*
(2006) 137 Cal. App. 4th 387 ........................................................................................6

*In re Whitaker*
(1992) 6 Cal. App. 4th 54 ..............................................................................................7

**10**

California Code of Civil Procedure § 391 ........................................................................4

California Code of Civil Procedure § 391(a)....................................................................6

California Code of Civil Procedure § 391(b)(1)..............................................................3, 4

**13**

USDC Central District of California Local Rules, Rule 83-8.4 ........................................3

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

"Vexatious Litigation" is defined as "filing a lawsuit with the knowledge that it has no legal basis, with its purpose to bother, annoy, embarrass and cause legal expenses to the defendant."[1] Rather than demonstrate why his conduct does not fit this definition, Plaintiff's Opposition to Defendant's Motion does just the opposite: it confirms Plaintiff is the textbook example.

Plaintiff spends considerable time in his Opposition trying to argue that his prior claims were not "adversely" decided against him and/or that they somehow have a hypothetical level of merit because even though dismissed by the trial courts, they are currently on appeal (or were compelled to arbitration). But this misses the point. The point of Defendant's Motion to Declare Plaintiff Vexatious and require him to post security is not simply to quibble as to the characterization of the *potential* merits of his claims, current or past;[2] the point is to show that Plaintiff's filing of countless, often generic and duplicative lawsuits where his conclusory allegations demonstrate he has not suffered actual harm—and his overwhelming and undeniable lack of success in obtaining actual relief—show not that he is bringing suit to address legitimate injury; but rather, he is abusing the resources of the judiciary and countless defendants by attempting to manufacture claims to obtain financial windfalls.

To be sure, Plaintiff concedes that out of the numerous suits he has filed, in **only one** has he actually obtained relief—resulting from an unusual arbitration where Plaintiff was awarded $3,000, despite the arbitrator finding in one instance that the Plaintiff did not suffer actual harm and in another finding that the respondent was permitted to do what it did (close Plaintiff's financial accounts). *See* Section B, below. Notwithstanding the *de minimis* value of this recovery, the multiple defendants Plaintiff has sued during his "cash

---

[1]    *See* Law.com, Legal Dictionary, available at: https://dictionary.law.com/Default.aspx?selected=2222.

[2] Although certainly merits is *a* factor and as Defendant's evidence (and separate Motion to Dismiss) shows, Plaintiff's claims, including those here, routinely lack merit and are dismissed as a result.

1

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

grab" crusade—who are prevented from representing themselves[3]—have likely expended hundreds of thousands, if not millions, of dollars in attorney's fees to defend against Plaintiff's claims.

The need for a vexatious litigant order, therefore, is clear: (a) to ensure Plaintiff only pursues claims that have a good-faith basis for occupying the resources of this Court (and the defendants he sues); (b) to ensure Plaintiff files only claims which seek to address a legitimate injury; and (c) to ensure that Plaintiff is financially accountable for the assertion of these claims so as to not gain an undeserved advantage against defendants who must pay the fees of their counsel—a burden Plaintiff, as a *pro se* litigant, does not equally share.

Without such an order, Plaintiff will likely continue to assert wasteful claims in this district (and elsewhere), because, apparently, he believes he has nothing to lose. But this is patently the opposite of what the courts were designed for. Courts are not to be gratuitously abused in a "law of averages" game where Plaintiff believes that if he threatens or files enough lawsuits, certain defendants will simply pay a settlement to avoid the cost of defense. Courts are meant to address legitimate claims where a party has actually been aggrieved and has a legitimate claim—a status Plaintiff has shown over and over again that he does not satisfy. Respectfully, enough is enough. The Court should enter the vexatious order requested by Defendant.

## I.     <u>DEFENDANT DID NOT "APPLY THE WRONG STANDARD."</u>

Plaintiff first argues that Defendant applies the wrong standard by citing California's parallel vexatiousness statutory scheme and by arguing that the number of cases filed by Plaintiff, in and of itself, is dispositive to the determination of his vexatiousness. *See* Plaintiff's Opposition to Motion to Declare Him Vexatious (Dkt. 13) at 4–5. Plaintiff's characterization of Defendant's argument is plainly incorrect. To be sure, Defendant's Motion clearly begins with a discussion of the ***federal*** vexatiousness factors held applicable in the seminal Ninth Circuit case *Molski v. Evergreen Dynasty Corp.* (9th Cir. 2007) 500 F.3d 1047, and then applies those factors to Plaintiff's conduct, noting (a)

---

[3] *See* C.D. Cal. L.R. 83-2.2.2.

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

Plaintiff's history of litigation and the nature of his duplicative and failed claims; (b) Plaintiff's motive in pursuing the litigations; (c) the unnecessary expense to Defendant and burdens placed on the courts; (d) whether other sanctions would be adequate to protect the courts.[4] *See* Dkt. 12 (Defendant's Motion) at 7–13.

Only *after* addressing the *Molski* factors does Defendant offer relevant California authority, pursuant to Civ. L.R. 83-8.4. *See* Dkt. 12 at 13–14. Nowhere does Defendant argue that the California authority—or specifically that number of cases filed in and of itself—is dispositive in this forum of the vexatiousness analysis; it is offered merely as supplemental authority for the Court to consider along with the other applicable factors, as expressly contemplated by the local rules.

**II.    THE FACT THAT PLAINTIFF HAS APPEALED CERTAIN MATTERS— OR THAT THEY'VE BEEN COMPELLED TO ARBITRATION—DOES NOT CHANGE THE CONCLUSION THAT HIS CASES HAVE BEEN ADVERSELY DECIDED AGAINST HIM.**

Notwithstanding that Plaintiff first argues the California state vexatiousness statutory scheme is inapplicable, he nevertheless claims that appealed cases (and others compelled to arbitration) do not factor into the instant analysis when counting the number of cases he has filed in the proceeding seven years to reach a certain "threshold" (alluding to Cal. Code of Civil Procedure § 391(b)(1), defining a vexatious litigant as someone who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person … .").

---

[4] As noted, Defendant's Motion does not seek to dispose of Plaintiff's case on the merits as a result of him being declared vexatious; it asks for limited remedies requiring security and/or preventing the filing of further CIPA claims without prior permission  (as set forth in the Proposed Order) that are proportional to the needs of the case and which are necessary to prevent the abuse of this Court's resources and prevent an unfair financial advantage against Defendant.

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

First, as noted above, Defendant has not presented the "number of litigations" definition of Section 391(b)(1) as being dispositive; it is simply one of many factors to be considered in the vexatiousness analysis (indeed, Section 391 itself contains other, separate factors, in addition to number of litigations, that can also define a vexatious litigant). Nevertheless, Plaintiff still *easily* satisfies the § 391(b)(1) definition of five adverse litigations in the past seven years, particularly given just the number of cases that Plaintiff has voluntarily dismissed after filing. Indeed, as reflected in Defendant's moving papers (*See* Dkt. 12 at 13), even counting the voluntary and stipulated dismissals alone, Plaintiff satisfies the California statutory definition to be considered vexatious.[5]

To be even more sure, however, the below provides at least five more recent CIPA matters that resulted in adverse results against Plaintiff.[6] Each of the matters involving CIPA complaints contained duplicative and nearly identical allegations as the Complaint in this matter.[7] Copies of the dockets of these matters, as well as relevant filings, are included in Defendant's supplement to its Request for Judicial Notice filed alongside its Motion.

///

///

[5] Defendant inadvertently referenced in its moving papers a Texas litigation with a petitioner that had the same name as Plaintiff here (*Shah v.* Agarwal, No. 3:25-cv-1761-L (N.D. Tex.)). Defendant apologizes for this error, noting that it resulted from a simple mistake and not any intentional bad faith.

[6] These additional cases were not originally included in Defendant's moving papers, as their dispositive filings (i.e., Plaintiff's voluntary dismissals) occurred just prior to or after the filing of this matter. In addition, Defendant notes that Plaintiff obviously knew about these cases but chose not to mention them in his opposition papers while arguing that he did not meet the California statutory definition of a vexatious litigant based on the number of matters "finally determined adversely" against him. Admittedly, Plaintiff's filings may be so numerous that he may not know how many he has filed.

[7] The *Pashion Footwear* "Amended Demand [for Arbitration]" contained similar allegations as Plaintiff's federal CIPA complaints, albeit in an even less-detailed and more barebones manner. *See* **Exhibit Z** (Dkt. 1 at Page ID # 26) to Supplement to RJN.

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

| No. | Case Name Number | Court | Result |
|---|---|---|---|
| 1. | *Shah v. Vor Biopharma, Inc.*; 2:26-cv-01292-SPG-JDE | C.D. Cal. (Hon. Sherilyn Peace Garnett) | Plaintiff voluntarily dismissed action (which alleged CIPA claims) on May 3, 2026, prior to defendant filing a response to Complaint. |
| 2. | *Shah v. BackOffice Associates, LLC*; 2:26-cv-00848-MWC-SK | C.D. Cal. (Hon. Michelle Williams Court) | Plaintiff voluntarily dismissed action (which alleged CIPA claims) on April 1, 2026, after defendant filed a motion to dismiss but before Court heard motion. |
| 3. | *Shah v. Pashion Footwear, Inc.*; 2:26-cv-05124-PA-AS | C.D. Cal. (Hon. Percy Anderson) | Plaintiff voluntarily dismissed action on June 2, 2026, after Court ordered Plaintiff to file a First Amended Petition (to vacate an unfavorable arbitration award denying Plaintiff's CIPA and federal Electronic Communications Privacy Act claims). Plaintiff chose dismissal instead of filing the amended petition. |
| 4. | *Shah v. Spectraforce Technologies, Inc.*; 2:25-cv-12405-MWF-PVC | C.D. Cal. (Hon. Michael W. Fitzgerald) | Plaintiff voluntarily dismissed action (which alleged CIPA claims) with prejudice on April 26, 2026, after Court issued show cause order. |
| 5. | *Shah v. Peridio, Inc.*; 2:25-cv-12373-SB-E | C.D. Cal. (Hon. Stanley Blumenfeld, Jr.) | Plaintiff voluntarily dismissed action (which alleged CIPA claims) on March 6, 2026. |

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

Second, even though certain matters cited by Plaintiff are on appeal, this does not mean they are meritorious; it simply shows that these matters are not final. To be sure, Plaintiff has not presented a single matter in which his CIPA claims have been tried and found to have merit, and he has not shown that his appeals are likely to succeed. Indeed, the orders from which Plaintiff takes his appeals did not rule on complex, novel areas of law; certain orders dismissed Plaintiff's cases based on bedrock, jurisdictional principles and others dismissed Plaintiff's claims under well-established authority analyzing the Equal Credit Opportunity Act and other consumer banking laws under which Plaintiff sued. In other words, the only notion of "merit" that Plaintiff can present is entirely hypothetical—based on the hopes that the appellate courts (in no less than the five matters in the last year plus period) will either change well established law or somehow hold that the lower courts got it wrong.

Third, the matters that were compelled to arbitration are, in fact, adverse rulings against Plaintiff. Plaintiff argues that because he ultimately prevailed in arbitration in a matter first initiated as a federal court matter against Citibank (*Shah v. Citibank, N.A.*, No. 1:22-cv-02437 (N.D. Ill.)), then this matter should not count against him as being adversely determined. *See e.g.,* Plaintiff's Opposition at 5. Again, Plaintiff is incorrect. The federal lawsuit asserted by Plaintiff was demonstrably found to have been filed in the wrong forum and compelled to arbitration. *See Shah v. Citibank, N.A.* (Docket), Defendant's **Exhibit R** (Dkt. 12-21). Plaintiff appealed the order compelling arbitration, and the Seventh Circuit denied the appeal on grounds the Court lacked appellate jurisdiction. *See id.* at Docket Entry 69 (7th Cir. Order Dismissing Appeal). Both of these rulings are adverse as to Plaintiff because he failed to obtain the relief he sought—the adjudication of his claims in court. He thereafter lost the appeal he filed on issue of arbitrability, which in and of itself can also be considered an adverse ruling separate from the order compelling arbitration. *See In re Natural Gas Antitrust Cases* (2006) 137 Cal.App.4th 387, 395–96 (A "litigation" under section 391, subdivision (a) is "any civil action or proceeding" and "'includes an appeal or a writ proceeding.'" (italics omitted)); *Fink v. Shemtov* (2010) 180 Cal.App.4th

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

1160, 1165, 1171–74 (counting as separate litigations an appeal from a judgment following a bench trial and an appeal from a post-judgment attorney fees order in the same underlying case, and also treating as separate litigations an appeal from an order denying a pretrial order and an appeal following judgment in the same case); *In re Whitaker* (1992) 6 Cal.App.4th 54, 56 (treating 16 appeals as separate litigations); *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005–06 (making vexatious litigant ruling based on appeals from multiple orders within the same marital dissolution case).

More importantly, however, Plaintiff's argument—whether the *Citibank* matter can be characterized as an "adverse" ruling against him and whether that case has merits because he ultimately obtained (some) relief—misses the overarching point as it relates to the order Defendant seeks via the instant Motion. Indeed, the respondent's counsel in the *Citibank* matter undoubtedly spent tens of thousands of dollars simply *compelling* the matter to arbitration where Plaintiff had ample notice that his claims should have been filed in arbitration (plus the additional cost of defending the appeal of that arbitration order). Thereafter, the respondent likely spent tens, if not hundreds of thousands of dollars more to defend against a matter in arbitration which ultimately resulted in an award of only $3,000.[8] In other words, Plaintiff occupied the resources of the court, the arbitral forum, and the respondent in a manner that was patently asymmetrical and borne by everyone but him—all to achieve a negligible result.

---

[8] To be sure, the arbitration was not the resounding success Plaintiff presents it to be and stands as quite the unusual set of circumstances. In the award, Plaintiff was awarded $1,500 in punitive damages as permitted by the Equal Credit Opportunity Act claims for a technical violation by the respondent for failing to provide Plaintiff a sufficient reason for closing his accounts, even though the arbitrator expressly found Plaintiff suffered no *actual* damages. Plaintiff was also awarded $1,500 to compensate him for a promotional "bonus" award that he did not receive because his accounts were closed by the financial institution, even though the arbitrator also found that the respondent did not wrongfully close Plaintiff's accounts. *See* **Exhibit CC**, Arbitration Award (also included as part of Plaintiff's Exhibit B to his Opposition (Dkt. 13-3), as well as an exhibit to Plaintiff's Motion to confirm the award in the N.D. Ill matter, *see* Defendant's **Exhibit R**)).

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

Additionally, even if the question of whether a matter is adversely decided is based on Plaintiff's advanced standard of if the arbitration was ultimately successful, the *Shah v. American Express* matter—which Plaintiff cites and also argues should not count towards the vexatiousness analysis—did not result in a favorable award at all. Indeed, in that matter, at the eleventh hour before the arbitration hearing, Plaintiff voluntarily dismissed his claims—which, incredibly, he thereafter attempted to backtrack from when he attempted to vacate the arbitrator's final award dismissing his claims with prejudice. *See Vivek Shah v. American Express Company*, 2:24-cv-06953-MWF-MAR (C.D. Cal.), included as Defendant's **Exhibit M** at Dkt. 12-16.[9]

## III.     PLAINTIFF's     LITIGATION     STRATEGY     IS     PROCEDURALLY     VEXATIOUS.

Even ignoring the substance and merits of these actions (or lack thereof), as can be seen from just from a review of Plaintiff's filing history and case dockets, it is clear he files his cases for an improper purpose: to harass defendants in an attempt to induce a settlement rather than to address any legitimate injury. Indeed, Plaintiff often files cases in "batches" in a small window of time (even many on the same day) and the cases are often dismissed (either by himself or the Court) in the infancy of the case. *See* Supplemental Declaration of Kevin J. Cole (Dkt. 21–2) at ¶ 10 (screenshot of CM/ECF system search showing matters filed in this district).

In certain cases, Plaintiff has voluntarily dismissed his claims after the defendant challenged his pleading through motion practice (but before the motion could be heard). *See e.g.*, Defendant's **Exhibits F & G** [Dkt. 12–9 and 12–10] and *Vivek Shah v. BackOffice Associates, LLC*, 2:26-cv-00848-MWC-SK (C.D. Cal.) at **Exhibit Y** to Supplemental RJN. He has voluntarily dismissed operative filings instead of amending them as permitted by the court. *See e.g., Shah v. Pashion Footwear, Inc.*, 2:26-cv-05124-PA-AS (C.D. Cal.), attached as **Exhibit Z** (Dkt. 1 at Page ID # 26) to Supplemental RJN. And in other

---

[9] Plaintiff's Motion to Vacate, as well as the defendant/respondent's Cross-Motion to Confirm, is still pending decision.

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

instances, despite given the opportunity to amend his claims after dismissal by the courts, Plaintiff has instead chosen to stand on his dismissed claims (rather than pursue them) so that he can engage in a prolonging appeal process. *See, e.g.*, **Exhibit H** to Defendant's Motion (Dkt. 12–11), *Vivek Shah v. Robinhood Credit, Inc.*, 2:25-cv-05902-FMO-AS (C.D. Cal.). None of these actions are the hallmarks of a good-faith litigant seeking to address legitimate claims and pursue them through completion. They are textbook example of vexatiousness aimed at harassment to induce settlements.[10]

### IV.  PLAINTIFF's CLAIMS ARE SUBSTANTIVELY VEXATIOUS; THE FACT THAT CLAIMS MAY HAVE *POTENTIAL* MERIT DOES NOT ALTER THIS ANALYSIS.

Lastly, Plaintiff argues that all his claims have substantive merit because similar CIPA claims are "cognizable and actively litigated." Of course, Plaintiff's argument is nonsensical. Defendant never contends that CIPA claims *generally* are not cognizable and does not deny that these cases are, in fact, actively litigated by other persons with legitimate claims. Rather, Defendant argues that *Plaintiff's* CIPA claims are not cognizable because he pleads boilerplate allegations that are entirely conclusory which fail to establish the proper jurisdiction of this Court or that Plaintiff has suffered an actual injury to establish Article III standing. Just because a claim is cognizable within a general body of law does not mean that these claims are cognizable for a particular litigant.

Indeed, many of the same arguments that Plaintiff makes here were the exact kind of arguments that the plaintiff in *Molski v. Evergreen Dynasty Corp* made. In *Molski*, the plaintiff argued that notwithstanding the excessive number of ADA claims he filed, he should not have been deemed a vexatious litigant because his claims had a certain level of technical merit based on plaintiff's allegations and the general nature of the causes of

---

[10] To be sure, Plaintiff never argues that he has *not* extracted countless settlements as a result of his filings; he merely states that Defendant has not presented evidence of these settlements. *See* Dkt. 13 at 8. Of course, Defendant does not have access to settlements Plaintiff may have entered with other parties. However, if the Court is so inclined, Defendant would readily welcome the opportunity to seek discovery on this issue.

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

action. *See Molski*, 500 F.3d at 1059. The Ninth Circuit rejected this argument, holding that even though it was "likely that many of the businesses Molski sued were not in compliance with the ADA" and that "Molski's complaints may have stated a legitimate claim for relief," it "was not clearly erroneous for the district court to find that the claims of injury contained in those complaints were patently without merit." *Id.* As the Ninth Circuit explained:

> Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to make false factual assertions. Just as bringing a completely baseless claim is frivolous, so too a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false. In an adversary system, we do not fault counsel or client for putting their best arguments forward, and it is likely the unusual case in which a finding of frivolous litigation follows in the train of a legitimate legal claim. It is a question of degree where the line falls between aggressive advocacy of legitimate claims and the frivolous assertion of false allegations. In this case, the district court, looking at the allegations of hundreds of lawsuits, made a decision that Molski's baseless and exaggerated claims of injuries exceeded any legitimacy and were made for the purpose of coercing settlement.

*Molski*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

The same reasoning is true here. Defendant's Motion should be granted.

DATED: June 15, 2026                    **KJC LAW GROUP, A.P.C.**


                                        By:    *s/ Kevin J. Cole*
                                               Kevin J. Cole, Esq.
                                               *Attorneys for Defendant*
                                               *Crain Communications, Inc.*

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, certifies that this memorandum does not exceed 10 pages, excluding the caption, the table of contents, the table of authorities, the signature block, and any indices and exhibits.

DATED:  June 15, 2026                              **KJC LAW GROUP, A.P.C.**


By:    */s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*


## CERTIFICATE OF SERVICE

I certify that on June 15, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


By:    */s/ Kevin J. Cole*
Kevin J. Cole, Esq.

REPLY ISO MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT