**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
*kevin@kjclawgroup.com*
W. Blair Castle (SBN 354085)
*blair@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

*Attorneys for Defendant*
*Crain Communications, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v.

CRAIN COMMUNICATIONS, INC.,

Defendant.

Case No. 2:26-cv-03070-RGK-CTS

**DEFENDANT's NOTICE OF ERRATA RE MOTION TO DISMISS PLAINTIFF's FIRST AMENDED COMPLAINT**

Date: August 3, 2026
Time: 9:00 a.m.
Courtroom: 850, 8th Floor

Complaint Filed: March 18, 2026
Trial Date: March 23, 2027

**TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

Defendant Crain Communications, Inc. ("Crain") respectfully submits this Notice of Errata regarding its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 26) filed on July 6, 2026.

On July 13, 2026, Plaintiff Vivek Shah ("Mr. Shah") filed his opposition to Crain's Motion to Dismiss and included a supplement to his opposition entitled, "Plaintiff's Notice of Defendant's Non-Compliance with the Local Rules, this Court's Standing Order, and the Duty of Candor." *See* ECF No. 32-1. In his supplement, Mr. Shah points out "six respects" in which Crain's Motion to Dismiss supposedly "does not comply with this Court's Standing Order, the Local Rules, or counsel's duty of candor." *Id*. at 1. While Crain will not address all of Mr. Shah's six points in this Notice, Crain will address Mr. Shah's supplement regarding the word count and incorrect citations.

Regarding the word count of Crain's Motion, counsel incorrectly applied a 25-page limit to the Motion and overlooked the Court's Standing Order that memorandums should not exceed 5,600 words. By Crain's word count, Crain's Motion is presently 6,130 words. Counsel apologizes to the Court and to Mr. Shah for this error.

To remedy this error, Crain has reduced the word count of its Motion to 5,583 words by removing material from the introduction, shortening the headings, and deleting several footnotes. Because Crain only deleted extraneous material, Mr. Shah's opposition remains fully responsive to the corrected brief. There is no prejudice to Mr. Shah and no advantage gained by Crain. A clean copy of Crain's Corrected Motion to Dismiss is attached hereto as **Exhibit A**; and a redlined version of Crain's Corrected Motion to Dismiss is attached hereto as **Exhibit B.**

Additionally, Crain has corrected two case citations, which are reflected in Exhibits A and B. Mr. Shah points out that the Table of Authorities and page 11 of Crain's Motion cites the incorrect Westlaw citation for the case "*Maghoney v. Dotdash Meredith Inc.*" In those spots, Crain's Motion incorrectly cites the *Maghoney* case as "No. 24-cv-01124, 2026 WL 211094 (N.D. Cal. May 11, 2026)." This was an inadvertent mistake, and as Mr.

Shah notes, Crain's Motion later gives the correct citation for the *Maghoney* case, which is "2026 WL 497402 (S.D. Cal. Feb. 23, 2026)." *See* ECF No. 32-1 at 4. Additionally, Mr. Shah points out that on page 11, "[t]he Motion cites '*Popa*, 53 F.4th 784 at 786–87, 791," but that "[n]o decision begins at that reporter location . . . ." ECF No. 32-1 at 5. The *Popa* citation at page 11 uses the incorrect reporter citation and is a typographical error. The correct reporter citation should read "*Popa*, 153 F.4th 784, 786–87, 971" (i.e., the "1" was inadvertently left out).

DATED: July 16, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on July 16, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Kevin J. Cole*

Kevin J. Cole