UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | | Date | July 20, 2026 |
|---|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Defendant's Motion to Declare Plaintiff a Vexatious Litigant [12]

## I.  INTRODUCTION

Presently before the Court is Defendant's Motion to Declare Vivek Shah ("Plaintiff") a Vexatious Litigant. For the following reasons, the Court GRANTS the Motion.

## II.  FACTUAL BACKGROUND

On March 18, 2026, Plaintiff commenced this action against Crain Communications, Inc. ("Defendant"). Plaintiff alleges Defendant, via their website (https://adage.com), intercepted contents of Plaintiff's electronic communications in violation of the California Invasion of Privacy Act ("CIPA") Cal. Penal Code § 631(a).

This action is the latest in a series of proceedings filed by Plaintiff alleging CIPA claims. In the past seven months alone, Plaintiff has filed seven complaints against seven different defendants (excluding the present matter). Each complaint contained nearly identical allegations, which Plaintiff tailored slightly to the target defendants. These lawsuits have all have been dismissed voluntarily—or dismissed by the court—during the pleading phase of litigation.

## III.  JUDICIAL STANDARD

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances," including pre-filing orders against vexatious litigants. Id. (internal quotation marks omitted). Such orders are "an extreme remedy," given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | | Date | July 20, 2026 |
|---|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | | |

constitutional concerns implicated by restrictions on court access. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).

**IV.    DISCUSSION**

Before entering a pre-filing order, the court must satisfy four requirements: (1) the litigant must receive notice and an opportunity to oppose the order; (2) the court must compile an adequate record for review, including a listing of the cases and motions supporting its conclusion; (3) the court must make substantive findings that the litigant's filings are frivolous or harassing; and (4) the order must be narrowly tailored "to closely fit the specific vice encountered." De Long, 912 F.2d at 1147–48.

The Court addresses each De Long factor in turn and finds that each is satisfied.

**A.    Notice and Opportunity to be Heard**

A written submission satisfies the "opportunity to be heard" requirement. See Windsor v. Boushie, 677 Fed. App'x 311, 311–12 (9th Cir. 2017). Plaintiff received adequate notice and the opportunity to be heard, as the issue comes to the court by way of a formally noticed motion, to which Plaintiff has filed an opposition.

**B.    Adequate Record for Review**

"An adequate record of review should include a listing of all the cases and motions that le[ad] the district court to conclude that a vexatious litigant order [is] needed." *De Long*, 912 F.2d at 1147. It must, at the very least, show in some way that "the litigant's activities were numerous or abusive." *Id.*

From 2021 to 2026, Plaintiff has initiated at least twenty-nine proceedings. Courts resolved most of Plaintiff's actions during the pleading stage, with a small remainder pending appeal. The Court catalogs below only the cases that were determined adversely against, or voluntarily dismissed by, Plaintiff.

1.    *Vivek Shah v. NYP Holdings, Inc.*, 2023 WL 266511 (N.D. Ill. Jan. 18, 2023), *aff'd,* 2024 WL 3825220 (7th Cir. Aug. 15, 2024); (*See* Ex. A, ECF No. 12-22.)
    - Date Filed: November 17, 2021
    - Claim(s): federal and state claims related to copyright and trademark infringement.
    - Disposition: First Amended Complaint dismissed. Affirmed by the Seventh Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | | Date | July 20, 2026 |
|---|---|---|---|---|
| Title | ***Vivek Shah v. Crain Communications, Inc*** | | | |

2.  *Shah v. PayPal, Inc. et al.,* No. 1:22-cv-00795 (N.D. Ill. Mar. 8, 2022); (*See* Ex. V, ECF No. 12-25.)*[1]
    - Date Filed: February 14, 2022
    - Claim(s): consumer fraud and RICO.
    - Disposition: Motion to Dismiss filed; action voluntarily dismissed by Plaintiff.

3.  *Shah v. Plaid Inc.,* No. 1:22-cv-00903 (N.D. Ill. Nov. 29, 2023); (*See* Ex. S, ECF No. 12-22.)*
    - Date Filed: February 18, 2022
    - Claim(s): federal and state claims related to digital privacy violations and consumer fraud.
    - Disposition: Complaint dismissed.

4.  *Shah v. Dow Jones & Company, Inc.,* No. 1:22-cv-01016 (N.D. Ill. July 31, 2025); (*See* Ex. L, ECF No. 12-15.)
    - Date Filed: February 24, 2022
    - Claim(s): federal and state claims related to consumer credit (and other) protections.
    - Disposition: Complaint dismissed.

5.  *Shah v. Citibank, N.A.,* No. 1:22-cv-02437 (N.D. Ill. Feb. 19, 2023); (See Ex. R, ECF No. 12-21.) (Hereinafter "*Citibank* I")
    - Date Filed: May 8, 2022
    - Claim(s): federal and state claims related to consumer credit (and other) protections.
    - Disposition: arbitration compelled pursuant to Defendant's motion. Plaintiff's appeal denied by the Seventh Circuit. Arbitrator awarded Plaintiff $3,000 in damages.

6.  *Shah v. Carl Zeiss SBE, LLC,* No. 7:23-cv-03352-KMK-AEK (S.D.N.Y. Dec. 18, 2023); (*See* Ex. U, ECF No. 12-24.)
    - Date Filed: April 20, 2023
    - Claim(s): state tortious interference with contract.
    - Disposition: action voluntarily dismissed by Plaintiff.

7.  *Shah v. Blueground US, Inc.,* No. 2:23-cv-03914-GW-A, ECF 16 (C.D. Cal. Sept. 20, 2023), *aff'd,* 2025 WL 314824 (9th Cir. Jan. 28, 2025); (*See* Ex. P, ECF No. 12-19.)
    - Date Filed: May 21, 2023

---

[1] Plaintiff's Complaint was near-copy of the class action complaint filed in *Evens et al v. Paypal, Inc.,* No. 5:22-cv-00248-BLF (N.D. Cal. filed Jan. 13, 2022). The only substantial difference was the omission of the original class action language. All subsequent cases denoted with an asterisk are cases that were duplicated in similar fashion, from either a case unrelated to him, or a case he has filed previously.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | | Date | July 20, 2026 |
|---|---|---|---|---|
| Title | ***Vivek Shah v. Crain Communications, Inc*** | | | |

- Claim(s): state anti-felon discrimination claim.
- Disposition: Complaint dismissed *sua sponte* finding "substantial reason to question how each of these requests – and all of them, in combination – may be understood as in 'good faith.'" Affirmed by the Ninth Circuit.

8. *Shah v. Am. Express Co*, 2025 WL 2093421 (C.D. Cal. Mar. 25, 2025); (*See* Ex. M, ECF No. 12-16.)
   - Date Filed: August 12, 2024
   - Claim(s): federal and state claims related to consumer credit (and other) protections.
   - Disposition: arbitration compelled pursuant to Defendant's motion. Federal court action voluntarily dismissed by Plaintiff. Arbitrator dismissed with prejudice. Plaintiff's Motion to Reopen federal court action denied by the court.

9. *Shah v. Citibank, N.A.*, 2025 WL 2684036 (C.D. Cal. Feb. 12, 2025) (Hereinafter "*Citibank II*")[2]
   - Date Filed: August 8, 2024
   - Claim(s): federal and state claims related to consumer credit (and other) protections.
   - Disposition: Motion to Compel Arbitration citing *Citibank I* as issue preclusion filed; parties filed joint stipulation to begin arbitration.

10. *Shah v. WPROMOTE LLC*, No. 24STCV23077 (Cal. Super. Ct. Nov. 25, 2025); (See Ex. C, ECF No. 12-6.)
    - Date Filed: September 9, 2024
    - Claim(s): CIPA
    - Disposition: Complaint dismissed.

11. *Shah v. Sportsman's Warehouse Holdings, Inc*, No. 24STCv23080 (Cal. Super. Ct. Jan. 28, 2025); (*See* Ex. F, ECF No. 12-9.)
    - Date Filed: September 9, 2024
    - Claim(s): CIPA
    - Disposition: Demurrer filed; action voluntarily dismissed by Plaintiff.

12. *Shah v. Mondelez Global LLC*, No. 2:24-cv-08797-AB-E (C.D. Cal. July 9, 2025); (See Ex. J, ECF No. 12-13)*[3]

---

[2] Unlike all other cases in this record where Plaintiff represented himself pro se, Plaintiff retained counsel in *Citibank II* after filing the Complaint.
[3] Origin of complaint: *Ransom v. Mondelez Global LLC*, No. 1:24-cv-06216 (S.D.N.Y filed Aug. 16, 2024)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | | Date | July 20, 2026 |
|---|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | | |

- Date Filed: September 10, 2024
- Claim(s): consumer fraud
- Disposition: Complaint dismissed.

13. *Shah v. Gannett Co., Inc.*, No. 24STCV23303 (Cal. Super. Ct. 12, 2024); (*See* Ex. G, ECF No. 12-10.)
    - Date Filed: September 10, 2024
    - Claim(s): CIPA
    - Disposition: Demurrer filed; action voluntarily dismissed by Plaintiff.

14. *Shah v. Amplitude, Inc.*, No. 2:24-cv-08155-MEMF-JPR (C.D. Cal. Dec. 3, 2025); (*See* Ex. D, ECF No.12-7.)*
    - Date Filed: September 18, 2024
    - Claim(s): CIPA and other digital privacy violations.
    - Disposition: stayed pending final resolution of the class action *Atkins v. Amplitude, Inc.*, No. 3:24-cv-04913-RFL (N.D. Cal.).

15. *Shah v. The Harvard Drug Group LLC,* No. 2:24-cv-08979-MEMF-SK (C.D. Cal. Mar 17, 2025); (*See* Ex. N, ECF No. 12-17.)*[4]
    - Date Filed: September 19, 2025
    - Claim(s): state consumer fraud
    - Disposition: Complaint dismissed.

16. *Shah v. Bumble Trading LLC*, No. 2:24-cv-08202-SVW-MAR (C.D. Cal. Nov. 14, 2024); (Ex. O, ECF No. 12-18.)
    - Date Filed: September 22, 2024
    - Claim(s): consumer fraud and RICO.
    - Disposition: action voluntarily dismissed by Plaintiff.

17. *Shah v. Woodbury University*, No. 24STCV25365 (Cal. Super. Ct. Apr. 3, 2025); (*See* Ex. T, ECF No. 12-23.)
    - Date Filed: October 1, 2024
    - Claim(s): age and sex discrimination.
    - Disposition: Complaint dismissed. Affirmed on appeal.

---

[4] Origin of Complaint: *Kouyate v. The Harvard Drug Group LLC*, No. 1:24-cv-06223 (S.D.N.Y. filed Aug. 16, 2024)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | Date | July 20, 2026 |
|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | |

18. *Shah v. JPMorgan Chase Bank, N.A.*, No. 2:24-cv-08601-AH-E (C.D. Cal. Oct 11, 2024); (See Ex. I, ECF No. 12-12.)
   - Date Filed: October 10, 2024
   - Claim(s): federal and state claims related to consumer credit (and other) protections.
   - Disposition: Two claims dismissed. Third claim and action dismissed voluntarily by Plaintiff. Appeal pending before the Ninth Circuit.

19. *Shah v. Spectraforce Technologies, Inc.*, No. 2:25-cv-12405-MWF-PVC (C.D. Cal. Mar. 26, 2026); (*See* Ex. AA, ECF No. 21-6.)*
   - Date Filed: January 1, 2022
   - Claim(s): CIPA
   - Disposition: Order to Show Cause issued; action voluntarily dismissed by Plaintiff.

20. *Shah v. Robinhood Credit, Inc.*, No. 2:25-cv-05902-FMO-ASX (C.D. Cal Oct. 21, 2025); (*See* Ex. H, ECF No. 12-11.)
   - Date Filed: June 6, 2025
   - Claim(s): federal and state claims related to consumer credit (and other) protections, and tort and contract claims.
   - Disposition: Complaint dismissed. Appeal pending before the Ninth Circuit.

21. *Shah v. Card Delivery LLC*, No. 2:25-cv-08731-JFW-MAA (C.D. Cal. Nov. 22, 2025); (*See* Ex. E, ECF No. 12-8.)
   - Date Filed: September 9, 2025
   - Claim(s): CIPA
   - Disposition: action voluntarily dismissed by Plaintiff.

22. *Shah v. Peridio, Inc.*, No. 2:25-cv-12373-SB-E (C.D. Cal. Mar. 6, 2026); (See Ex. BB, ECF No. 21-7.)*
   - Date Filed: December 22, 2025
   - Claim(s): CIPA
   - Disposition: action voluntarily dismissed by Plaintiff.

23. *Shah v. Russco57 LLC*, No. 2:25-cv-12371-PA-MAR (C.D. Cal. Jan. 9, 2026); (*See* Ex. A, ECF No. 12-4.)*
   - Date Filed: December 22, 2025
   - Claim(s): CIPA
   - Disposition: First Amended Complaint dismissed *sua sponte*. Appeal pending before the Ninth Circuit.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | Date | July 20, 2026 |
|---|---|---|---|
| Title | ***Vivek Shah v. Crain Communications, Inc*** | | |

24. *Shah v. Talentbridge, Inc.*, No. 2:26-cv-00222-AH-SSCx (C.D. Cal. May 28, 2026); (*See* Ex. W, ECF No. 12-26.)*
   - Date Filed: January 5, 2026
   - Claim(s): CIPA
   - Disposition: First Amended Complaint dismissed. Appeal pending before the Ninth Circuit.

25. *Shah v. Secureworks Corp.*, No. 2:25-cv-12381-ODW-PVC (C.D. Cal. Mar. 1, 2026); (*See* Ex. B, ECF No. 12-5.)*
   - Date Filed: January 5, 2026
   - Claim(s): CIPA
   - Disposition: Motion to Dismiss First Amended Complaint filed; action voluntarily dismissed.

26. *Shah v. BackOffice Associates, LLC*, No. 2:26-cv-00848-MWC-SK (C.D. Cal. Apr. 3, 2026); (See Ex. Y, ECF No. 21-4.)*
   - Date Filed: January 19, 2026
   - Claim(s): CIPA
   - Disposition: Motion to Dismiss filed; action voluntarily dismissed.

27. *Shah v. Vor Biopharma, Inc.*, No. 2:26-cv-01292-SPG-JDE (C.D. Cal. May 3, 2026); (*See* Ex. X, ECF No. 21-3.)*
   - Date Filed: February 3, 2026
   - Claim(s): CIPA
   - Disposition: action voluntarily dismissed.

28. *Shah v. Pashion Footwear, Inc, Shah v. Pashion Footwear, Inc.*, No. 2:26-cv-05124-PA-AS (C.D. Cal. June 2, 2026); (*See* Ex. Z, ECF No. 21-5.)
   - Date Filed: May 7, 2026
   - Claim(s): Petition to vacate Arbitration Award dismissing CIPA and Electronic Communications Privacy Act ("ECPA").
   - Disposition: action voluntarily dismissed.

29. *Shah v. Udemy, Inc.*, 2:26-cv-06527-PA-RAO (C.D. Cal. filed June 13, 2026)*
   - Date Filed: June 13, 2026
   - Claim(s): CIPA and Federal Wiretap Act.
   - Disposition: Stayed by Joint Stipulation; pending arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | Date | July 20, 2026 |
|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | |

C.    **Substantive Findings of Frivolousness or Harassment**

Before issuing a pre-filing order, a court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam)). With respect to these substantive findings, the Ninth Circuit utilizes a second set of considerations employed by the Second Circuit as a helpful framework (*Moliski*, 500 F.3d at 1058):

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Within this framework, the Court looks at "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* A court may alternatively find that the litigant has engaged in a pattern of harassment. *Id.*

While the Ninth Circuit has not established a numerical definition for frivolousness, it has said that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate. Litigiousness alone is not enough, either: The plaintiff's claims must not only be numerous, but also be patently without merit." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1064 (9th Cir. 2014).

In finding a pattern of harassment, courts must "be careful not to conclude that particular types of actions filed repetitiously are harassing," and must instead "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *De Long*, 912 F.2d at 1148 n.3 (quoting *In re Powell*, 851 F.2d at 431).

Considering Plaintiff's extensive record of substantially similar complaints (either template versions of Plaintiff's own CIPA complaints or copy-and-paste versions of pending class action matters) filed against a variety of defendants in rapid succession, over a relatively short period of time, the Court finds Plaintiff's past filings to be sufficiently numerous. [5]

---

[5] In the past seven months alone, Plaintiff filed seven complaints against different defendants, all of which are nearly identical to the Complaint in this matter. In none of these examples, has Plaintiff's complaint made it past the pleading phase; rather, they were dismissed voluntarily or by the court at the infancy of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | Date | July 20, 2026 |
|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | |

Despite Plaintiffs assertion that his claims are "not patently without merit" because they are premised on a cognizable legal theory (*See* Opp. at 7, ECF 13), the Ninth Circuit has deemed filings to be frivolous under similar circumstances. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d at 1059 (holding that the trial court did not err in finding plaintiff's claims vexatious, even though the plaintiff asserted legitimate claims for relief against companies who were not in compliance with the Americans with Disabilities Act).

The Court makes two observations based on Plaintiff's record of repeated CIPA filings and Plaintiff's admissions in his First Amended Complaint: (1) Plaintiff is well-acquainted with industry practices that may violate his privacy (therefore violating CIPA); and (2) Plaintiff has the means and knowledge to verify if a website is actively transmitting his search queries to a third party without his consent (thus causing him harm). (*See* FAC ¶ 39, ECF No. 23.)

While it is plausible Plaintiff suffered multiple similar injuries, repeated filings asserting the same avoidable injury are suspect. *Id.* at 1059 ("Common sense dictates that [plaintiff] would have figured out some way to avoid repetitive injury-causing activity; even a young child who touches a hot stove quickly learns to avoid pain by not repeating the conduct.") Plaintiff's record of: (a) seeking out CIPA violations and submitting enough search queries in an attempt to establish the amount in controversy for subject matter jurisdiction; (b) voluntarily dismissing cases upon a defendant's motion to dismiss; and (c) failure to try any CIPA (or other claims in the above record) on the merits, strongly indicates that Plaintiff's purpose is to harass defendants into coercive settlements—rather than seek redress from the judiciary in good faith.[6]

In all but one of the actions Plaintiff has filed, he has proceeded pro se. While the Ninth Circuit has held that a party's pro se status is a mitigating factor weighing against a vexatious litigant designation, *De Long*, 912 F.2d at 1148, it is not a bar against imposing a pre-filing order on pro se litigants. *See id.* at 1147 (*Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)). Accordingly, the Court finds this factor cannot outweigh Plaintiff's extensive record of harassment.

Plaintiff's filings not only cause great expense to other parties but also impose an unnecessary burden on the courts. Despite prior court rulings dismissing Plaintiff's CIPA complaints for pleading deficiencies, Plaintiff has continued to refile nearly identical complaints without any noticeable changes. Then, Plaintiff has voluntarily dismissed these actions before defendants could file an answer or before the court could rule on defendants' motions to dismiss. California courts have held that "[a] party who repeatedly files baseless actions only to dismiss them when challenged is no less vexatious than the party who follows the actions through to an adverse completion." *Tokerud v. Capitolbank Sacramento,*

---

[6] The Ninth Circuit has held that a court may use a plaintiff's litigation strategy, or a record of a plaintiff failing to try all but one case on the merits, as evidence to infer plaintiff's purpose to harass defendants into settlements. *See Molski*, 500 F.3d at 1059–60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03070-RGK-CTS | Date | July 20, 2026 |
|---|---|---|---|
| Title | ***Vivek Shah v. Crain Communications, Inc*** | | |

38 Cal. App. 4th 775, 779 (1995), *as modified on denial of reh'g* (Oct. 25, 1995).[7] Thus, the Court finds that Plaintiff's repeated filings of a complaint template previously ruled as deficient imposes an unnecessary burden on the court and its staff.

In sum, the Court makes substantive findings of frivolousness and harassment. Therefore, the third *De Long* factor is satisfied.

### D.   Narrow Tailoring

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. An order preventing a litigant from filing "any suit" without leave of court is overly broad and cannot stand. *Id.* So too is an order that requires the proposed filings to be "meritorious." *Ringgold-Lockhart*, 761 F.3d at 1066.

First, Defendant requests that Plaintiff be required to obtain pre-filing permission before filing "any new civil action or pleading in the United States District Court for the Central District of California that asserts claims under the California Invasion of Privacy Act (Cal. Penal Code § 630, et seq.) or related consumer digital privacy statutes." (Proposed Order ¶ 5, ECF No. 12-3.) The Court **GRANTS** this pre-filing requirement.[8]

As to the scope of the order, Defendants' proposed language is consistent with pre-filing orders upheld by the Ninth Circuit. *See Molski*, 500 F.3d 1064–65 (holding a pre-filing order that required permission to file ADA complaints against any defendant in the Central District of California was sufficiently tailored to Plaintiff's litigation practices). Thus, a pre-filing order limited to CIPA and related digital privacy claims is permissible and "adequately tailored . . . to protect the courts and the public" from Plaintiff's vexatious conduct. *Id.* The order does not restrict Plaintiff from filing other claims not covered by the pre-filing order. *See Molski*, 500 F.3d at 1061 (approving an order limited to "only the type of claims [plaintiff] had been filing vexatiously"). Additionally, the order does not place

---

[7] It is within the Courts discretion to "proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391–391.8." C.D. Cal. L. R. 83-8.3.

[8] The Ninth Circuit has held that district courts should consider whether other, less restrictive options are adequate to protect the court and the parties before imposing a pre-filing order. *Ringgold-Lockhart*, 761 F.3d at 1065 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)). Here, a less-restrictive remedy, such as a Security of Costs alone, would not adequately protect this Court or Defendants. Plaintiff has voluntarily incurred the costs of initiating at least twenty-eight proceedings across four courts (not counting appeals) and has filed numerous copy and paste complaints in this Court in just the past seven months. Thus, the Court finds that a pre-filing order is a sufficient deterrent against future vexatious litigation and offers adequate protection for Defendants.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03070-RGK-CTS | Date | July 20, 2026 |
|---|---|---|---|
| Title | *Vivek Shah v. Crain Communications, Inc* | | |

restrictions on the present case pending in this Court, as any such restriction would be premature at this time, in light of the current procedural posture of this case.

Second, Defendant asks that the Court order Plaintiff to post a security of costs in this action. The Court **DENIES** this request. However, it should be noted that any judge presiding over any future action falling under the Prefiling Order will have the discretion of imposing this requirement on Plaintiff.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Declare Plaintiff a Vexatious Litigant. The Court **ORDERS** as follows:

(1)  The Court declares Plaintiff Vivek Shah a vexatious litigant;

(2)  A Prefiling Order is hereby entered against Plaintiff for any new case filed in the Central District of California that alleges any claims arising under the California Invasion of Privacy Act ("CIPA") or other related digital privacy claims.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer          JRE/vc

Cc: Intake clerks; atty admin; fiscal