**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
*kevin@kjclawgroup.com*
W. Blair Castle (SBN 354085)
*blair@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

*Attorneys for Defendant*
*Crain Communications, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v.

CRAIN COMMUNICATIONS, INC.,

Defendant.

Case No. 2:26-cv-03070-RGK-CTS

**DEFENDANT CRAIN COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR STAY OF PRE-FILING ORDER PENDING APPEAL**

Complaint Filed: March 18, 2026
Case Dismissed: July 23, 2026

**TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

Defendant Crain Communications, Inc. ("Crain") respectfully opposes Plaintiff Vivek Shah's *Ex Parte* Application for Stay of the Court's July 20, 2026 Pre-Filing Order. The Application should be denied because there is no emergency warranting *ex parte* relief.

As this Court has explained, "Lawyers must understand that filing an ex parte motion . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). There is no fire here. The Pre-Filing Order has been in effect since July 20, 2026. Shah appealed it on July 23, 2026, moved to expedite that appeal on July 28, 2026, and the Ninth Circuit denied his request for expedited treatment on August 11, 2026. *See* Ninth Circuit Case No. 26-4739, Dkt. No. 11.1 (Aug. 11, 2026 Order). Yet Shah waited until more than a month after this Court's Order was entered to seek a stay. That history is inconsistent with the existence of an emergency requiring relief before a regularly noticed motion can be heard.

More importantly, the supposed new "emergency" consists entirely of actions being taken or contemplated by third parties in other proceedings. Shah states that respondents in several arbitrations have asked AAA or JAMS to take action based upon this Court's Order. But his declaration does not establish that either administrator has actually terminated any arbitration. Instead, AAA appears to be considering requests in two proceedings and has temporarily suspended deadlines in one while it does so. Nothing has happened. The possibility that an arbitration administrator may take some action in the future is not the immediate and irreparable injury necessary to justify *ex parte* relief. The same is true of Shah's reliance on the *Drexel* matter. His declaration establishes only that opposing counsel requested a Local Rule 7-3 conference concerning a forthcoming motion for a separate prefiling order and security. As far as Crain knows, no motion has even been filed, much less granted. A threatened motion by another litigant before another judge is not an emergency.

There is also a fundamental disconnect between the relief Shah seeks and his claimed emergency. Shah acknowledges that this Court's July 20, 2026 Order applies only to new CIPA and related digital-privacy cases filed in this District. His supposed emergency, by contrast, concerns what independent parties, arbitrators, and arbitration administrators may choose to do in already-pending proceedings. And Shah expressly confirms that he seeks no relief against AAA, JAMS, any arbitrator, or any arbitration respondent. Staying this Court's Order therefore would not require any of those third parties to take any particular action. In fact, Shah's own argument further demonstrates why there is no emergency that a stay can remedy. According to Shah, at least one arbitration respondent contends that the AAA standards are triggered by the historical fact that Shah has "previously been declared" a vexatious litigant and therefore apply "regardless of his pending appeal or its outcome." If that is correct, staying the Order would not eliminate the very harm Shah invokes to justify emergency relief.

Nor is Shah without an ordinary avenue for seeking relief. If Shah believes a stay pending appeal is warranted, he can file a regularly noticed motion and allow Crain the ordinary opportunity to respond. His assertion that the earliest hearing date is September 21 does not itself transform the matter into an emergency. Shah remains free to challenge the Pre-Filing Order on appeal, and he is doing exactly that. But disagreement with an existing order, speculation about what third parties may do with it, and the possibility of future motions in other proceedings do not constitute the "fire" required by *Mission Power*.

For these reasons, Crain respectfully requests that the Court deny the *Ex Parte* Application.

DATED: August 24, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

*/s/ Kevin J. Cole*
Kevin J. Cole, Esq.

*Attorneys for Defendant*
*Crain Communications, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Kevin J. Cole*

Kevin J. Cole